# Meckley's Estate.

1. A husband has the right to attend to the legal business of his wife, and may file exceptions to the report of an auditor on an account in which she is interested.

2. A testator devised to his son John the plantation he had in possession. He further directed: " He shall pay thirty dollars for each and every acre; on the first day of April each year one hundred dollars, until the whole amount is paid; and there is a dower on the aforesaid plantation which my son John shall pay, and also the interest for the dower; and after he has paid the dower, principal and interest, then the payment of the aforesaid plantation shall commence, without interest."

By an agreement under seal the devisees or heirs agreed that the will be considered null and void, as if the testator had died intestate; and that John and another heir were to have the plantations devised to them, *at the same rates as directed in the will;* they to pay to the estate what they have got more than their share, the payments to be made at an early time designated:—

It was *held* that the proper construction of the will was that John was to pay the dower first, and afterwards *in addition to the same* thirty dollars per acre *for* the land.

3. Parol evidence was not admissible to show that the parties interested did not understand the will to mean what it has been construed to mean, but that its meaning was that the dower was to constitute *a part* of the purchase-money of the farm and not *an addition* to it. The matter in dispute being not as to a matter of *fact*, but a question *of law*, and the mistake not being induced by the party seeking to take advantage of it, the parol evidence was not admissible.

[Meckley's Estate.]

APPEAL from the decree of the Orphans' Court of *Lehigh county.*

The material question in dispute in this case related to the construction of a part of the will of John Meckley, Senior. The portion of the will in question was as follows :—

"I give and bequeath unto my son John, his heirs and assigns, for ever, the plantation which he has in possession, about 92 acres, in Lancaster county. He shall pay thirty dollars for each and every acre; on the first day of April, each year, one hundred dollars, until the whole amount is paid; and there is a dower on the aforesaid plantation which my son John shall pay, and also the interest for the dower; and after he has paid the dower, principal and interest, then the payment of the aforesaid plantation shall commence, without interest."

The encumbrance referred to in the will was a debt of $736.28, payable by the testator, and charged upon a tract of land in Lancaster county, viz., the land devised to John in the clause of the will recited. The testator died on the 18th April, 1850, leaving no widow, but five children.

The devisees or heirs, by an agreement under seal, in which the will was set out, stipulated, "that the will should be 'considered null and void, the same as if John Meckley had died intestate,' and the real and personal estate should be distributed, viz.: 1. John and Ludwig shall have the same plantations which they have got in possession, at the same rates as directed in the will of said John Meckley, deceased; but they must pay out of their plantations to the estate what they have got more than belongs to them for their share." The said payments or portions of the other heirs to be made on the first day of April, 1852, &c.

The material question was, whether the $736.28, the amount of the encumbrance, was to be paid by John *in addition* to the $30 per acre, or whether it was to be considered as a part of it.

An auditor was appointed, who reported in favor of considering it *as a part of the consideration* at $30 per acre, and he reported a distribution of the amount of the purchase-money of this land and of other moneys, by deducting the amount of the encumbrance from the value of the land devised, at the rate of $30 per acre.

Exception to the report as to such deduction was taken. On the hearing before the Court the depositions of two of the heirs were read. In the one it was stated, that when the parties were discussing the terms of the agreement, the will was read in their hearing, and its provisions examined; and that he *understood* that the dower charged upon the farm devised to John Meckley was to be deducted from the price of it, and $30 per acre was all that he was to pay for it; that little was said upon the subject by the heirs, but, to the best of his knowledge and belief, from what was said and done, that the other heirs understood that part of the

will in the same way that the deponent understood it, and that he knew that John Meckley understood it so, or he would not have signed the *agreement*.

The other witness deposed that the will was read in the presence of all the parties, and its provisions examined; that he understood and knew from what was said and done, that the dower was to be deducted from the price of the farm devised to John; that thirty dollars per acre was all he was to pay for it; that little was said upon the subject by the heirs, but that there was a perfect understanding between them, and all concurred in the matter; that he knew, from what was said and done at the time of entering into the agreement, that all the heirs understood that part of the will in the same way that he did, and he knew that John so understood it, or he would not have signed the agreement.

The written declaration of another heir, or devisee, was, that his opinion was, that the construction of the will by the auditor was the true one, and that such was the intention of the testator; also, that he (the devisee) was present when the agreement was entered into, and executed it, understanding the will in that way.

The Court sustained the exception, and decreed that the sum of $736.28 should be *added* to the amount of the real estate, and distribution made accordingly.

It appeared that the exceptions filed to the report of the auditor were taken at the instance of *the husband* of one of the residuary legatees under the will.

The exceptions taken in this Court, were, 1. The Court erred in entertaining the exceptions filed on behalf of the husband.  2. In sustaining the exception as to the $736.28.

*Stiles*, with whom was *King*, for appellants.—It was contended that a husband had no right to interfere in a legal proceeding in relation to his wife's estate without her assent, and that such assent should appear of record; that it should not be presumed: 1 *Jones* 275, Cummings' Appeal; 1 *Harris* 480, Goodyear *v.* Rumbaugh.

It was also contended that the general intent of the will was that John, the devisee, should have the land at *$30* per acre. Also, that John did not take under the will, which he contended was abrogated by the agreement, but was a purchaser of the interests of his brothers and sister, and that the agreement should be construed as it was understood by the parties at the time it was made. Parol evidence is admissible to explain, though not to contradict a written instrument: 1 *Dallas* 426; 3 *Barr* 251; 16 *Ser. & R.* 424. It was contended that the depositions read in the Court showed the understanding of the parties to be that the dower fund was to be deducted from the price of the farm.

[Meckley's Estate.]

*Bridges*, for appellee.—He contended that the interest of the wife under the will had vested, and that the husband was justified in attending to it. Also, that the dower was *first* to be paid, and after that, under the terms of the will, the payments for the land, at the rate of $30 per acre, were to commence.

The agreement referred to the will as to the payments to be made. The parol evidence offered was not to explain the will, but to change its terms. Parol evidence is not admissible to contradict, alter, add to, or diminish a written instrument: 1 *Dallas* 426; 4 *Id.* 340; 1 *Yeates* 139; 3 *Ser. & R.* 609; 3 *Barr* 251; 4 *Id.* 119; 1 *W. & Ser.* 195. Evidence of the *understanding* of the person who drew the instrument as to what the agreement was, arising from the expressions of the parties, not admissible: 4 *Barr* 119; 1 *Id.* 450; 5 *Id.* 403. · That the understanding of the parties was to be gathered from the writing, and if that be ambiguous on its face, parol proof is not admissible. If there be no patent ambiguity in the instrument, *its legal effect* governs: 6 *Barr* 391. It was alleged that the parol testimony was merely as to *the understanding* of the witnesses; that no *acts, expressions, or agreement* of the parties was proved.

The opinion of the Court was delivered by

BLACK, C. J.—Here were exceptions filed by a husband to protect the rights of his wife against an auditor's report upon the estate of her deceased father. An objection is made that he had no authority to meddle with the business. But this is a mistake. It is not only the right but the duty of a husband to conduct the legal affairs of his wife. What if he has no immediate personal interest in her property which is the subject of litigation? The marriage relation makes him her guardian, and he needs no letter of attorney to authorize him to defend her against a wrong.

John Meckley, deceased, devised a farm to his son John, on these terms, namely: "He shall pay thirty dollars for each and every acre; on the first day of April each year, one hundred dollars, until the whole amount is paid; and there is a dower on the aforesaid plantation which my son John shall pay, and also the interest for the dower, and after he has paid the dower, principal and interest, the payment of the aforesaid plantation shall commence without interest." The will was set aside by consent of all the heirs, and John contracted, in writing, with the others that he would take the land devised to him "at the same rates as directed in the will." He insists that by the will he was only bound to pay thirty dollars per acre, including the lien referred to by the testator; while it is asserted on the other side, that he must discharge the lien and pay the thirty dollars per acre besides.

The price fixed by the agreement is that at which the will put

it. Everything, therefore, depends on the construction of the will. We think that it very plainly requires the payment of the dower first, and then thirty dollars per acre. This conclusion seems to me so clear that I find it about as difficult to say anything for it as against it. The argument of the auditor and of the counsel who sustain his report is ingenious, but that is all.

The payment of this lien by John is resisted on yet another ground. The depositions of two of the heirs and the written declaration of another is produced to show that the contract was not in fact what the writing expressed it to be. These witnesses swear that they understood the will to mean what it does not mean, and know that John executed the contract in the same mistaken belief. The mistake concerned not a matter of fact but of law, and this, according to all the authorities, cannot be relieved against, unless it was induced by the party who seeks to take advantage of it. The present appellee did nothing to mislead the other party: To permit these depositions to have any influence on the judgment would be suffering a written agreement to be contradicted and totally changed by simply showing that the contract was not what the writing says.

Decree affirmed.