## S. A. JOHNSON v. A. H. BLAIR.

### ERROR TO THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

Argued May 1, 1889—Decided May 13, 1889.

1. In an action by a guardian to recover his ward's share of rent from a defendant, who, besides being the lessee of the demised premises, is also, with the plaintiff's ward, one of the heirs entitled to said realty, the defendant has no such interest in the estate of the minor as will permit him to question the validity of the guardian's appointment.

2. In such case, even if the guardian's appointment were not valid, yet for the purposes of the suit he would be treated as the minor's next friend, to enable her to support an action to recover rents to which she is lawfully entitled.

3. The statement of claim, in such action, set out a written contract by defendant to pay a sum certain per annum as rent. An affidavit of defence averring an understanding that defendant should make necessary repairs and have credit therefor, that repairs for which credit was claimed were made under such understanding, and that it was with such understanding and agreement the defendant undertook to pay the rent, was sufficient to prevent summary judgment.

Before PAXSON, C. J., WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 5 July Term 1889, Sup. Ct.; court below, No. 166 November Term 1888, C. P.

On November 10, 1888, an appeal was entered by the defendant, from a judgment had before a justice of the peace, in an action for use and occupation by Samuel A. Johnson, guardian of Mary J. Blair, against Andrew J. Blair.

The statement filed by the plaintiff set forth that the action was brought to recover for the use and occupation of certain real estate of Mary J. Blair, a minor, occupied by the defendant, Andrew H. Blair, under the following circumstances: A. Holmes Blair died in January, 1876, intestate and leaving to survive him a widow and three children, one of whom is the minor on whose behalf the suit was brought, and another of whom is the defendant, Andrew H. Blair. At the time of his

death, A. Holmes Blair was seized of certain real estate, one third of which vested under the intestate laws in Mary J. Blair, subject to the dower interest of her mother. On October 27, 1883, the plaintiff was duly appointed guardian of Mary J. Blair by the Orphans' Court of Philadelphia county, where she then resided with her mother, a certified copy of the decree of the court being attached to the statement.

Shortly after the death of A. Holmes Blair, the defendant, Andrew H. Blair, took possession of a part of the real estate, executing at the time an agreement in writing, of which the following is a copy:

" I hereby agree to pay to the estate of A. H. Blair, deceased, for the upper and lower coal yards and for the lots in South Street, in Carlisle, from February 14, 1876, rent at the rate of $700 per annum, to be paid in payments not less frequently than quarterly. The privileges of Snyder & Son and the warehouse occupied by them in the lower yard are excepted from this lease.

" Witness my hand and seal this 24th day of April, 1876.

" ANDREW BLAIR."

Subsequently, in June, 1876, the defendant occupied the Mansion House, under a verbal agreement to pay $300 rent.

An affidavit of defence filed by the defendant having been held insufficient, he was allowed to file a supplemental affidavit, which set out that A. Holmes Blair, deceased, resided in Cumberland county at the time of his decease, and that the Orphans' Court of said county appointed J. F. Zug guardian of said minor, who continued as such until his death in 1883; that in the summer of 1883, the widow of said deceased married one A. Root, a citizen of Massachusetts, and that neither she nor her daughter ever resided in Philadelphia county; wherefore the appointment of S. A. Johnson as the guardian of said minor by the Orphans' Court of Philadelphia county was invalid, and gave him no right to intermeddle with said minor's estate. Other facts set forth in the affidavit of defence appear in the opinion of the court below.

After motion for judgment for want of a sufficient affidavit of defence, and argument, the court, SADLER, P. J., on April 1, 1889, filed the following opinion:

Opinion of Court below.

The affidavit of defence filed in this case does not deny that Minnie Blair is a daughter of the late A. H. Blair, deceased, and that as such she is entitled to receive two ninths of the net income of the real estate of which he died seized and intestate.

Nor do we think that the defendant has any such interest in the estate of said minor as will permit him to question in this proceeding the validity of the appointment of Samuel A. Johnson, as her guardian, by the Orphans' Court of Philadelphia. But even if that appointment was improvidently made and she is without a guardian, Mr. Johnson may be treated by us as her next friend, to enable her to maintain an action to recover the rents to which she is lawfully entitled.

The defendant insists also that he should be allowed credit for certain taxes, repairs and interest paid by him for and on account of the estate of the said A. H. Blair, deceased. Andrew H. Blair, the defendant aforesaid, is a co-tenant with the plaintiff. By a writing signed on April 24, 1876, he agreed " to pay the estate of A. H. Blair, deceased, for the upper and lower coal yards and for the lots on South street, in Carlisle, . . . . . rent at the rate of $700 per annum. . . . . ." The privileges of Snyder & Son and the warehouse occupied by them in the lower yard were excepted from the lease.

He subsequently verbally agreed to pay $300 per annum for the use of the Mansion House.

In the supplemental affidavit of defence filed, he states that,

" Under the agreement to pay rent for the properties occupied by this deponent and belonging to the estate of A. H. Blair, it was the understanding with all the parties in interest and with the guardian of the minor children of A. H. Blair, that this deponent should have made or make all necessary repairs to all the properties of the estate and receive credit therefor on account of his rent. It was also understood that he should pay taxes on the properties and the interest on the debt upon it. That in pursuance of such understanding, during the period covered by this suit he paid the following sums :

. * * * * * * * *

" To which, under his agreement and understanding with all the parties in interest he is entitled to, as against any rent he may owe to the estate of A. H. Blair; and that understanding has not been changed or modified by any agreement on his part,

and it was with such understanding and agreement that he undertook to pay $700 per annum for the upper and lower coal yards and the lot on South street, excepting the warehouse and its privileges on the lower yard property, and subsequently undertook to pay $300 for the Mansion House."

The affidavit of defence thus clearly asserts that the defendant promised to pay the rentals for the properties occupied by him, upon the agreement that out of them was to be paid by him the necessary repairs to all the real estate of the decedent aforesaid, including that occupied by him, and in addition thereto he was to pay the taxes assessed on the same, and the interest on certain indebtedness of the estate.

This was an inducing cause, in other words, to the execution of the agreements on part of defendant.

And in asserting such an agreement on part of his co-tenants, he does not contradict the stipulations of any writing made by him, as was attempted in the cases of Hains v. Rapp, 2 W. N. 595; Lehman v. Jaquett, 5 W. N. 183; Anspach v. Bast, 52 Pa. 356, and others cited by the counsel for the plaintiff. It is unlike Callan v. Lukens, 89 Pa. 134, where it was not alleged that the contract was signed on the faith of the contemporaneous agreements.

Nor does it come within the rulings of Kline v. Jacobs, 68 Pa. 57 ; Moore v. Weber, 71 Pa. 429, and kindred determinations. There, in the absence of any stipulation on part of the landlord to keep the premises let in repair, it was not competent for the tenant to set up as a defence in an action for rent, the ordinary repairs which he had made to the leased property. Blair's contention is, that it was part of the contract of lease with his co-tenants that he should make repairs and appropriate rent to the payment. Even a promise to pay for the repairs after having been made, was held obligatory upon a landlord: Cornell v. Vanartsdalen, 4 Pa. 364.

It was certain that repairs to the real estate would be required, and proper and necessary that they should be made. It was also most natural that the only co-tenant of full age, and the only one who resided in the borough where the realty was located, should be intrusted with such duties.

The plaintiff conceded, on the argument of the case, that the payment of taxes and interest on indebtedness of the estate

and the repairs in part, claimed by the defendant as a credit, should be allowed. He objects only as to those items which appear to have been in whole or in part expended upon property occupied by the defendant, or which on their face give no indication on what realty they were put. The items objected to aggregate $74.30 , of this sum $16.51, or two ninths, is the amount that Blair wishes to set off against the demand of the plaintiff.

One of the items objected to is, for repairs of pavement, $8.50. That this is a proper credit was noted in case of Hitner v. Ege, arising in this borough many years since. Under the ordinances of the municipality, the tenant was bound to pave the sidewalk and he would be entitled to credit for any outlay made in consequence thereof, in the absence of any agreement with his co-tenants.

We are therefore of the opinion that the affidavit of defence does not contradict the written agreement of lease made by him, nor that made of the Mansion House, but that it asserts unmistakably that needed repairs made by him were to be reserved from the rent, and this was one of the causes which induced him to enter into said agreement. On the faith of this arrangement he expended the moneys he seeks to be credited with. We will allow the same and enter judgment for the balance.

And now, April 1, 1889, judgment is entered against Andrew H. Blair, defendant, and in favor of the plaintiff, for the sum of $47.68 and interest October 18, 1888, and costs.

The plaintiff thereupon took this writ, alleging that the court erred in allowing the whole claim of set-off, and in entering judgment for the plaintiff for $47.68, instead of $64.19, with interest and costs.

*Mr. Edward P. Bliss* (with him *Mr. James W. Eckels*), for the plaintiff in error.

*Mr. John Hays* (with him *Mr. R. M. Henderson*), for the defendant in error.

PER CURIAM:

Judgment affirmed.