## Potter *v.* Grimm, Appellant.

*Evidence—Parol evidence to vary writing—Admissibility.*

1. It is well settled that parol evidence is admissible to show a verbal contemporaneous agreement upon the faith of which a written instrument was executed, even though such evidence may vary or change the terms of the writing.

2. Where the owner of a farm agreed in writing to sell the farm for $2,000, being induced to execute the agreement by a promise made by an authorized agent of the purchaser that she would be paid in addition a sum, which, added to such land damages as she could recover for the location of a public road through the farm, would make up an additional $1,000 and the county paid the vendor $500 in land damages, she was entitled to receive $2,500 from the purchaser upon the delivery of the deed, and in an action therefor, a verdict and judgment for plaintiff for the full amount were proper although it was not alleged that anything was omitted from the agreement of sale by fraud, accident, or mistake.

Mr. Justice STEWART dissents.

Argued Oct. 7, 1914. Appeal, No. 213, Oct. T., 1914, by defendant, from judgment of C. P. Lawrence Co.,

Dec. T., 1913, No. 44, on verdict for plaintiff, in case of Sarah A. Potter v. Ida Grimm. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a contract for the sale of land. Before PORTER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,583.33 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, instructions to the jury and the entry of judgment on the verdict.

*A. Martin Graham,* with him *Martin & Martin,* for appellant.—The admission of evidence of the parol agreement to vary the written contract was error without a showing that it was omitted from the written contract by fraud, accident, or mistake: Krueger v. Nicola, 205 Pa. 38; Shafer v. Senseman, 125 Pa. 310; Lyon v. Miller, 24 Pa. 392; Thorne, McFarlane & Co. v. Warfflein, 100 Pa. 526; Jessop v. Ivory, 158 Pa. 71; Yaryan Co. v. Penna. Glue Co., 180 Pa. 480; Baker v. Flick, 200 Pa. 13; Irvin v. Irvin, 142 Pa. 271; Barnhart v. Riddle, 29 Pa. 92; Martin v. Berens, 67 Pa. 459; Lewis v. Brewster, 57 Pa. 410; Smith v. National Life Insurance Co., 103 Pa. 177; Wodock v. Robinson, 148 Pa. 503.

*Robert L. Wallace,* for appellee.—The execution of the written agreement was induced upon the faith of the oral agreement made at the time and the evidence thereof was consequently admissible: Ferguson v. Rafferty, 128 Pa. 337; Thomas v. Loose, 114 Pa. 35; Wanner v. Landis, 137 Pa. 61; Spencer v. Colt, 89 Pa. 314; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165; Martin v. Fridenberg, 169 Pa. 447; Martin v. Kline, 157 Pa. 473; Juniata Bldg. & Loan Assn. v. Hetzel, 103 Pa. 507; Keough v. Leslie, 92 Pa. 424; Gandy v. Weckerly,

220 Pa. 285; Faux v. Fitler, 223 Pa. 568; Fidelity & Casualty Co. v. Harder, 212 Pa. 96; Keller v. Cohen, 217 Pa. 522; Greenawalt v. Kohne, 85 Pa. 369; Croyle v. Cambria Land & Improvement Co., 233 Pa. 310; Alexander v. Righter, 240 Pa. 22.

OPINION BY MR. CHIEF JUSTICE BROWN, March 15, 1915:

On October 1, 1912, Sarah A. Potter, the appellee, entered into an agreement, in writing, to sell a farm to Ida Grimm, the appellant. The puchase price fixed in the agreement was $2,000, but, as a matter of fact, the vendor was to get $3,000 for the property. This was the price she asked for it, and the inducement which led her to execute the written agreement was a promise made to her by the appellant, through an authorized agent, to pay, in addition to the $2,000, such sum as, added to land damages to be awarded to her for the location of a public road through the property, would make up the additional $1,000. The verdict of the jury established the fact that such parol contemporaneous promise was made by the appellant, and that, upon the faith of it, the appellee signed the written agreement. The county of Lawrence paid the appellee $500 as damages for the location of the road through the farm, and she thereupon demanded of the appellant $2,500 as the balance of the purchase-money, and offered to execute a deed upon the payment of that sum. This the appellant refused to pay, tendering but $2,000 and demanding the delivery of a deed to the property. This action was then instituted for the recovery of $2,500, the balance of the purchase-money claimed by the appellee, and a jury found that she was entitled to it. The question of her right to recover a sum in excess of that fixed in the written agreement was submitted to the jury in a charge wholly free from error and couched in words so plain that the well-settled rule of law relating to the transaction could not have been misunderstood. The instructions were that the plaintiff was not entitled to recover more than the

$2,000, unless the jury found as a fact, from testimony which they regarded as clear, precise and indubitable, that the alleged contemporaneous parol agreement had been made by the appellant, and that, upon the faith of it, the appellee had signed the written contract.

On this appeal from the judgment entered on the verdict in favor of the plaintiff below the only question raised by the several assignments of error is as to the right of the plaintiff to recover anything in excess of the sum of $2,000, and the complaint of the appellant is that the court admitted evidence in support of the alleged parol contemporaneous agreement. If the case were one in which the plaintiff was seeking to recover on the ground that the parol agreement had been omitted from the written contract by fraud, accident or mistake, counsel for appellant might well contend that the appellee was bound by her written agreement, but such is not the case as presented by her in the court below. The parol agreement was not omitted from the written one by fraud, accident or mistake. This is a fact found by the jury. What the purpose was in omitting it may be readily conjectured. The vendee wished to pay as much less than $3,000 for the property as possible, and it may very naturally have occurred to her that, if it should be known she was to pay $3,000 for it, a jury, in assessing damages to the appellee, might take this fact into consideration and lower them accordingly. This would have been to the obvious disadvantage of the appellant, and it can, therefore, be well understood why she may have much preferred that the written agreement should not disclose what she was actually to pay for the property. The case as made out by the plaintiff was one in which a material matter inducing her to sign the agreement had been omitted from it, in pursuance of an understanding between her and the vendee. The corroborated testimony of the plaintiff, believed by the jury, was that the parol contemporaneous agreement was what induced her to sign the contract, and that she

would not have signed it but for the oral promise of the appellant to pay her, in addition to the $2,000, the difference between $1,000 and the sum to be awarded to her for land damages, so that she should receive $3,000 for the property—the price which she insisted and the appellant agreed she should receive. That the appellant cannot now commit a fraud upon the appellee by attempting to use the written agreement in violation of the parol contemporaneous promise which induced her to sign the writing is well settled by a long line of cases: Caulk v. Everly, 6 Wh. 303; Shughart v. Moore, 78 Pa. 469; Greenawalt v. Kohne, et al., 85 Pa. 369; Johnson v. Blair, 126 Pa. 426; Fidelity and Casualty Company v. Harder, 212 Pa. 96; Keller v. Cohen, 217 Pa. 522; Gandy v. Weckerly, 220 Pa. 285; Faux v. Fitler, 223 Pa. 568. It seems that we must again reannounce the rule laid down in the foregoing and many other cases.

From Hurst's Lessee v. Kirkbride, decided in 1773, and referred to by TILGHMAN, C. J., in Wallace v. Baker, 1 Binney 610, this court has, through all the intervening years, uniformly held that parol evidence is admissible to show a verbal contemporaneous agreement, upon the faith of which a written instrument was executed, even though such evidence may vary or change the terms of the same. In the comparatively recent case of Croyle v. Cambria Land and Improvement Company, Limited, 233 Pa. 310, the issue submitted to the jury was whether the plaintiff, in executing and delivering to the defendant a deed of release for a right of way over his land for a thoroughfare, did so in reliance upon a contemporaneous parol promise made by the defendant company that it would, within a fixed period, so fill a flat or low-land on plaintiff's lot at either side of a road to be constructed as to bring it to a level with the surface of the thoroughfare. As it was not alleged in either the statement of the cause of action or in any of the offers of evidence that the parol promise had been omitted from the deed of release by fraud, accident or mistake, evi-

dence as to it was objected to as incompetent. The admission of such evidence was the only matter assigned for error on the appeal of the defendant from the judgment entered against it. In holding that the evidence was competent, we said, through Mr. Justice STEWART: "No case could better illustrate the wisdom of the policy adopted in this State at a very early period, and since steadfastly adhered to, of excepting out of the operation of the English rule excluding parol evidence to vary, contradict, or alter a written contract, cases where a contemporaneous parol promise is proposed to be shown, on the faith of which the contract was executed. Here was found no fraud in connection with the execution of the contract to be relieved against. The promise to do something over and above what was expressed in the writing and which induced the signing of it by the plaintiff, was honestly made, or, if otherwise, fraudulent purpose in connection therewith, as an undisclosed intent, was absolutely incapable of proof. The English rule in its strictness would exclude all evidence of the promise, notwithstanding a subsequent refusal by defendant to observe its promise, while holding on to what it obtained by reason of it, would be quite as much a fraud on the plaintiff as any willful suppression or misrepresentation of fact in connection with the making of the instrument; and notwithstanding the certain result that defendant would be left secure in the enjoyment of plaintiff's property, which it had not paid for, because of the law's inability to compel it to keep and observe the promise on the faith of which it had obtained the property. It was this manifest inadequacy of the rule to work out equitable results in just such case as we have here that prevailed with our courts to except such cases out of its operation. And so we have it settled in Pennsylvania, beyond all dispute, 'that where at the execution of a writing a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed,

parol evidence is admissible, though it may vary and materially change the terms of the contract.' This was said in the very early case of Hurst's Lessee v. Kirkbride, 1 Binney 610, and the doctrine of that case was so repeatedly recognized thereafter, that in Greenawalt v. Kohne, 85 Pa. 369, this court said, 'No principle is better settled than that parol evidence is admitted to show a verbal contemporaneous agreement which induced the execution of a·written obligation though it may vary or change the terms of the written contract.' And again, 'All the cases show,' says BELL, J., in Renshaw v. Gans, 7 Pa. 117, 'that to pave the way for the receiving of oral declarations it is not necessary to prove a party was actuated by a fraudulent intent at the time of the execution of the writing. His original object may have been perfectly honest and upright; but if to procure an unfair advantage to himself he subsequently denies the parol qualification of the written contract, it is such a fraud, as will under the rules operate to let in evidence of the real intent and final conclusion of the contractors.' " The foregoing covers all that need be said in dismissing this appeal.

As counsel for appellant seem to place much reliance upon an utterance of Mr. Chief Justice PAXSON in Irvin v. Irvin, 142 Pa. 271, it is sufficient to observe that what was there said must be regarded as applicable to the facts in that case. In the long line of our cases uniformly holding that it was competent to show that a parol contemporaneous agreement was the inducement to the execution of the written one, the omission of the former from the latter was, as a rule, to all intents and purposes, the deliberate act of the parties.

The assignments of error are overruled and the judgment is affirmed.

DISSENTING OPINION BY MR. JUSTICE STEWART:

In Irvin v. Irvin, 142 Pa. 271, PAXSON, C. J., uses this language:

"I know of no decided case and no principle of law which permits an oral contract, made at the same time with a written contract, under seal, and purposely omit-ted therefrom, to be set up not only to contradict but to destroy it. The two agreements cannot possibly stand together; one or other must fall. When parties without fraud or mistake have put their engagements in writing, that is not only the best, but the sole evidence of their agreement." This indicates sufficiently the ground of my dissent. It only remains to point out the distinction between the present case and Croyle v. Cambria Land and Improvement Co., 233 Pa. 310, cited as supporting the doctrine in this case applied. As will be seen the cases are widely apart. We quote from the opinion in the case referred to.

"What was attempted to be shown was that the plaintiff knowing that the deed of release as prepared imposed no obligation on the defendant to fill the low land to the level of the thoroughfare, refused to execute it because of this circumstance and requested that another instrument containing this provision be written; that the defendant company's representative desiring to avoid delay thereupon promised the plaintiff that if he would execute the paper as written, the defendant company would at its cost make the required fill within a given period; and that it was upon the faith of this promise that plaintiff executed the deed of release." Here was an omission not contemplated by the parties, but which happened through the mistake of the scrivener. When discovered, the party prejudiced by the omission refused to sign the paper as written. He was induced to sign it by the other party promising to make good what had been omitted. The case was thus brought clearly within the established exceptions to the rule that excludes parol testimony when offered to contradict or vary the terms of a written instrument. In the present case what equity is shown to bring it within any recognized exception? Nothing was omitted from the

writing that either party wanted inserted; it was written just as the parties intended it should be written; it was never intended that what is claimed as consideration, in addition to that appearing in the instrument, was to appear therein, but it was omitted by mutual agreement between the parties, to serve some purpose of their own. If, under such circumstances parol evidence may be admitted, the rule which excludes such evidence when offered to alter, add to or contradict a written instrument, to use the language of STRONG, J., in Fulton v. Hood, 34 Pa. 365, is utterly annihilated. The distinction we have pointed out between these two cases may be quite as plainly observed between this and the other cases upon the opinion filed relies. In Renshaw v. Gans, 7 Pa. 117, the action was in covenant on articles for the purchase of land by Gans, the articles stipulating for a warranty deed. The deed tendered concluded with a general warranty "excepting quit rents." It was refused because not in compliance with the written terms. Plaintiff offered to show on the trial that the exception was not put into the article of agreement because the parties conceived the rents to be in the nature of annual taxes, and therefore not coming within the description of encumbrances intended to be guarded against by the stipulation for a warranty deed. In the opinion in the case by BELL, J., it is said,

"The defendant by his own act, proceeding upon a misapprehension, having prevented the introduction of a provision in the articles, in conformity with his oral agreement, it would be inequitable to permit him to escape from his contract by a rule of evidence designed to prevent fraud."

Here again what was attempted to be supplied was an omission occasioned by mistake, one which the defendant was seeking to take advantage of and for which he was himself responsible. One can readily understand how the admission of parol evidence in such a case would not offend against the rule, but would be within

allowed exceptions.   The case decides no more than that
if fraud had been alleged the parol evidence would have
been admissible.   Mistake is sufficient ground in equity
for reformation of a contract, and it is sufficient to open
up the way to have the truth made known in an action
at law, even though the mistake be one of law, when a
party is seeking to take advantage of it.   Meckley's Est.,
20 Pa. 478.   The point I make is, that in this case noth-
ing was omitted from the written contract that was ever
intended to be inserted in it;   that neither fraud, ac-
cident, nor mistake is alleged in connection with the
written articles, and that for this reason it was error to
allow parol evidence to alter its terms.   The mistake
was not in the articles of agreement, but in the remedy
adopted.   The parol promise set up was no part of the
written contract, but an independent undertaking for
which the consideration was the written agreement and
for which separate action would lie.   The distinction is
clearly pointed out by GIBSON, C. J., in Weaver v. Wood,
9 Pa. 220, where it is expressly ruled that where a writ-
ten contract is executed for a consideration therein men-
tioned, a party is not concluded in an action for the
breach of a parol contract from showing that the agree-
ment evidenced by the written contract was the consider-
ation for the contemporaneous parol contract;   that the
written agreement is conclusive as evidence of the terms,
only in actions found on that contract.

To conclude:   it is always safer and better to insist
that distinctions in practice as to the remedies to be
adopted shall be observed, rather than relax rules of evi-
dence to an extent that destroys their usefulness in
order that a plaintiff may recover in an action mistaken-
ly adopted.   The recovery should have been for the
amount due according to the terms of the written con-
tract and nothing beyond.