## Colt v. Diffenbach, Appellant.

*Contracts—Performance—Parol evidence—Affidavit of defense.*

In an action to recover the price of certain machinery delivered f. o. b. cars at New York in accordance with a written agreement, an affidavit of defense is sufficient which avers that defendant was induced to sign the written contract by an agreement on the part of the plaintiff's agent to have the machinery set up on the defendant's premises and put in satisfactory order before the price should be demanded, and further avers such facts as would warrant the inference that plaintiff's agent intending to deceive and defraud had designedly omitted from the written contract the portion of the agreement relating to the setting up of the machinery, and then induced the defendant who relied on the agent reading the contract to him, to believe the written contract exhibited the true agreement.

Argued November 10, 1914.   Appeal, No. 12, October T., 1914, by defendant, from order of C. P. Lancaster Co., January T., 1913, No. 36, making absolute rule for judgment for want of a sufficient affidavit of defense in case of J. B. Colt & Co. v. Abraham Diffenbach.   Before RICE, P. J., ORLADY, HEAD and KEPHART, JJ.   Reversed.

Assumpsit for goods sold and delivered.   Before LANDIS, P. J.

The material portions of the affidavit of defense are set forth in the affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*B. F. Davis,* for appellant.—Where at the execution of a writing a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admissible, although it may vary and materially change the terms of the contract.   Greena-

walt v. Kohne, 85 Pa. 369; Bown v. Morange to use, 108 Pa. 69; Keller v. Cohen, 217 Pa. 522; Alexander v. Righter, 240 Pa. 22; Smith, Kline & French v. Smith, 166 Pa. 563; Schultheis v. Sellers, 223 Pa. 513; Singer Mfg. Co. v. Christian, 211 Pa. 534; Keough v. Leslie, 92 Pa. 424; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165; Wheatley v. Niedich, 24 Pa. Superior Ct. 198; American Harrow Co. v. Swoope, 16 Pa. Superior Ct. 451; Singerly v. Thayer, 108 Pa. 291.

*L. R. Geisenberger*, of *Geisenberger & Rosenthal*, for appellee.—The appellant could not both hold the goods and refuse to pay for them: Dailey v. Green, 15 Pa. 118; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339.

OPINION BY HEAD, J., July 21, 1915:

The plaintiff declares upon a written contract, a copy of which he attaches to his statement. The substance of the contract was that the plaintiff had agreed to sell and deliver, f. o. b. cars at New York, certain machinery for which the defendant agreed to pay the price sued for. There being an averment of complete performance by the plaintiff and refusal to pay by the defendant, a prima facie case was made out. The defendant filed an affidavit in which he averred, in substance, that the written order was prepared by an agent or salesman of the plaintiff; that the agreement was made in the evening after dark and the printed matter therein was in fine type; that in order to induce the defendant to sign the order, the plaintiff's agent agreed to have the machinery duly set up on the defendant's premises and put in satisfactory working order before the price should be demanded. He further avers that the machinery, properly crated or boxed, arrived at his railroad station; that he paid the freight thereon and hauled the box or boxes to his home. He thereupon notified the plaintiff to come and set up the machinery, as the agent had agreed would be done, but the plaintiff wholly refused

to perform such parol agreement or to accept the defendant's offer to return the goods. Still further the affidavit avers that the agreement the plaintiff was to install and set up the machinery in suit was to be incorporated in the written instrument or agreement and the agent represented to him this had been done. He finally avers the agent read a portion of the agreement to him and he accepted the statement of its contents as correct.

Notwithstanding this affidavit, the learned court below made absolute a rule for judgment for want of a sufficient affidavit of defense. In so doing we think he fell into error. The inducing parol agreement averred by the defendant is not necessarily contradictory of anything affirmed in the written contract. It is true the latter states the machinery was to be delivered f. o. b. cars New York. Let us concede that as a result of this the title passed to the defendant upon such delivery at New York. It became his duty then to pay the cost of transportation, which he did. Had the goods been lost or destroyed in transit, the loss would have been that of the defendant. But it is not necessarily destructive of such averment in the agreement that the plaintiff's agent stipulated that, upon the arrival of the machinery, it would be set up and put in operation by the plaintiff. Clearly enough, if such parol agreement were actually made by the plaintiff's agent, and if by reason of such covenant, the plaintiff secured a valuable contract which it otherwise could not have obtained, it would be a fraud upon the defendant if the plaintiff were permitted to retain the fruit of the contract thus secured and then allowed to violate the stipulation which secured it.

But the averments of the affidavit, the substance of which we have stated, go much farther. They would fairly support the admission of evidence which, if believed by the jury, would warrant the inference that the plaintiff's agent, intending to deceive and defraud, had designedly omitted from the written contract a material portion of the agreement and then induced the defend-

ant, who relied on his reading, to believe the written contract exhibited the true agreement.

Under such circumstances we cannot agree that the plaintiff was entitled to a summary judgment. If authority be needed to support this conclusion, it may be found in the very last utterance of the Supreme Court on the subject, namely, Potter v. Grimm, 248 Pa. 440, wherein many recent decisions are reviewed.

The judgment is reversed and a procedendo awarded.