## Gorrecht, Guardian, to use, v. Richmond.

*Sheriff's interpleader — Right of another to act for claimant — Act of May 26, 1897.*

1. The Interpleader Act of May 26, 1897, P. L. 95, does not require the owner to make the claim for the goods. Any one acquainted with the facts may notify the sheriff that they are not the property of the defendant.

2. Where, therefore, the owner is incapable of making the claim because of insanity, it may be made for her by another, although no guardian or committee has been appointed.

Rule for interpleader. C. P. Lancaster Co., Aug. T., 1923, No. 49.

S. R. Weaver, for rule; F. Lyman Windolph, contra.

HASSLER, J., Jan. 19, 1924.—By virtue of the above execution, the sheriff levied upon a kitchen table, a kitchen stove, chairs and rockers, dishes, silverware and cooking utensils as the property of the defendant. Notice was given to the sheriff, by F. M. Richmond for Christine Richmond, that the said articles did not belong to the defendant, but were the property of Christine Richmond, who is the wife of the defendant. She is insane, and a short time before the execution was issued was confined in the Lancaster County Insane Asylum, where she now is. She has not been adjudged insane, and no guardian or committee has been appointed for her by the court. The plaintiff in the execution objects to the granting of an issue under the Interpleader Act of May 26, 1897, P. L. 95, for the reason that the said F. M. Richmond had no authority to act for Christine Richmond in making this claim.

The act does not require the owner of the goods to make claim for them before their sale by the sheriff. It provides that when the sheriff has been notified (by any one) that the goods are not the property of the defendant, he shall enter a rule, etc. It need not be made by the claimant, but can be made by one acquainted with the facts: Webster v. Delafield, 7 C. B. 187; Buechley v. Walker, 1 Schuyl. Legal Rec. 329. (These cases are not available, but are cited in Purdon's Digest, 1552, note L.)

In this case the owner of the goods is not capable of making claim to them because of insanity. She has no guardian or committee. If her incapacity was due to the fact that she was an infant, some one could act as her next friend. In Heft v. McGill, 3 Pa. 256; Johnson v. Blair, 126 Pa. 426, and O'Donnell v. Broad et al., 149 Pa. 24, it is decided that it is not necessary that an infant should have a guardian nor a next friend appearing in the case, appointed by the court, to enable such infant to maintain an action.

We are of the opinion that the same course can be followed when the incapacity is due to insanity. No harm can come to the plaintiff in the execution in doing this, as he will be protected by the bond which the claimant will have to give before taking the property out of the possession of the sheriff. We, therefore, make absolute the rule to show cause why an issue should not be framed. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.