## Hirsh's Estate.

*Evidence—Parol to vary writing—Loan less than amount of mortgage.*

1. Even in the absence of fraud, accident or mistake, parol evidence is admissible to show that it was understood between the mortgagor and the mortgagee that the mortgage was to be executed as security for a loan of one-half its face value, and that the actual loan was only one-half of the face of the mortgage.

2. The testimony of a single witness familiar with the details of the original transaction, corroborated by the records of the title company made at the time of the settlement, is sufficient to overcome the presumption that the loan was made for the sum stated in the mortgage.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1923, No. 3472.

The facts appear from the following extract from the adjudication of Gest, J.:

"David G. Hirsh died on June 18, 1922, leaving a widow, Flora S. Hirsh, now Josephs, and a will admitted to probate on July 12, 1922, when letters testamentary were granted. . . .

"The widow, by writing executed and acknowledged July 25, 1992, elected to take against the will of the testator. . . .

"The decedent at the time of his death was the owner of a second mortgage on premises Nos. 1801-3-5-7 North 20th Street, dated Oct. 18, 1920, with interest at 6 per cent., executed to the decedent by his brother, Harry G. Hirsh, the present accountant, the mortgage being recorded in Mortgage Book J. M. H. 1929, page 49. The mortgage is in the recited sum of $8000, and the accountant in his account has charged himself with $4000 as being the real amount of the mortgage. Counsel for the surviving widow claimed that he should be surcharged with the full amount, the difference being $4000, with interest at 6 per cent. from June 18, 1922.

"The accountant contended that the mortgage, though given for $8000, was intended as collateral security for the sum actually loaned by the decedent to the accountant. Testimony was taken, the principal witness for the accountant being Harry L. Jenkins, Esq., who also appeared as counsel. Our Rule of Court VII-2 distinctly advises that members of the bar should not appear as counsel in matters in which they expect to be called as witnesses, and although the Supreme Court has held that they are not disqualified as witnesses, the practice is to be greatly deprecated.

"From the testimony it appeared that the executors of Hester Simpson agreed to sell the premises mentioned to Harry G. Hirsh for $10,500, the terms of sale being that a purchase-money mortgage was to be given for $4000 and the balance paid in cash. Settlement was made on Oct. 18, 1920, at the office of the Commonwealth Title Insurance and Trust Company, and the settlement sheet, which was agreed to be correct, showed that the property was paid for by a purchase-money mortgage of $4000 and cash paid by David G. Hirsh, $5484.90. According to Mr. Jenkins's testimony, the decedent and his brother had previously instructed him to prepare a mortgage of $8000 as collateral security for the money to be advanced by David G. Hirsh. And another witness, Catherine Reiger, testified that David, the decedent, had told her that he had lent Harry $4000 to enable him to purchase the property. Undoubtedly the mortgage must stand in the sum of $8000, unless there is sufficient evidence to reform the instrument on the ground of fraud, accident or mistake, or of a contemporaneous parol agreement on the faith of which the instrument was executed. The cases on the subject are without number, and perhaps they cannot all be reconciled. It may be said, however, that apparently the later decisions of the Supreme Court do not lay down so

stringent a rule as the earlier ones. And when it is said that the evidence must be clear, precise and undubitable, what is meant is that it must make out the facts beyond a reasonable doubt and must carry with it a clear conviction of truth. I may refer to Schweyer v. Walbert, 190 Pa. 334; Cowan v. Page, 20 Dist. R. 907; Moerlin Brewing Co. v. Rusch, 272 Pa. 181; Croyle v. Cambria Land Co., 233 Pa. 310; Excelsior Saving Fund v. Fox, 253 Pa. 257; Galligan v. Heath, 260 Pa. 457. If the principle be relied on that the parol agreement must be proved by testimony of two witnesses, it may be answered that one witness is sufficient if corroborated by other circumstances, such as in the case at bar is supplied by the settlement sheet of the trust company, which was admitted in evidence. The cases cited by the learned counsel for the widow are distinguishable. In Jackson v. Payne, 114 Pa. 67, the attempt to reform the amount stated in the mortgage was based on the testimony of the mortgagor, denied by the mortgagee and uncorroborated. So in Schiehl's Estate, 179 Pa. 308, the testimony was entirely insufficient, and the Supreme Court said it was 'the flimsiest and loosest kind of declarations.'

"My conclusion in this case is that Harry G. Hirsh, intending to purchase the real estate from the owners for $10,500, agreed to give them a mortgage for $4000, and his brother David, the decedent, agreed to lend him sufficient cash to make the purchase, and they both agreed that the second mortgage should be given to David in the sum of $8000 as collateral security for his loan. To attempt to enforce it against him for the full sum of $8000 would be an inequitable and fraudulent use of the mortgage. But it clearly appears that the decedent advanced more than $4000 to his brother Harry; in fact, the sum of $5484.90, and I am of the opinion that the mortgage should be considered as security for that amount and that the accountant should be surcharged with the difference of $1484.90."

*Samuel W. Salus*, for Flora S. Josephs, formerly Hirsh, widow, exceptant.

*Harry L. Jenkins*, for accountant, contra.

LAMORELLE, P. J., Oct. 31, 1924.—While there is no evidence of fraud, accident or mistake, there is testimony which shows that the mortgage was understood between the mortgagor and mortgagee to be executed as security for the loan of one-half of its face value.

The exceptions stand or fall by the evidential value of the testimony tending to show such understanding and agreement. The law is well settled that parol testimony is admissible: see Gandy v. Weckerly, 220 Pa. 285; Potter v. Grimm, 248 Pa. 440.

Concisely stated, the relevant facts are these: Harry G. Hirsh had agreed to buy a block of four houses for $10,500; he paid $1200 down-money; the grantors were to accept a purchase-money mortgage of $4000 and the balance, $5300, was to be paid in cash. He told the attorney who was preparing the papers that his brother, David G. Hirsh (the decedent), had agreed to lend him $4000, but that they wanted the mortgage drawn for $8000. Afterwards, the brother, the mortgagee, verified this statement, saying to the attorney that it was his desire that the mortgage should be made in double the amount of the loan, so that he would have plenty of security. Accordingly, the mortgage was so prepared. At the time of settlement, the brother and mortgagee drew his check for $5484.90, this being the sum required to make up the balance then due. Why so much was paid does not appear. It is apparent, however, that the mortgagee would hardly advance $8000 on a second mortgage where the equity was but $6500. David G. Hirsh afterwards died, and by his will he left his residuary estate to his brother, Harry G. Hirsh, and

named him as executor. As such, in that he was the owner of the houses and of the mortgage, he caused the latter to be satisfied of record. The widow of David G. Hirsh elected to take against the will, and at the audit sought to surcharge the executor with the $8000 mortgage, to the one-half of which she was entitled under the intestate law.

The auditing judge ruled that the testimony of one witness who knew the details of the original transaction, corroborated by the records of the title company made at the time of settlement, was sufficient to overcome the presumption naturally arising from the terms of the writings under seal; and in this we find no error.

The widow should not complain, in that the surcharge is greater by some $1400 than the amount which the decedent was to advance. In the absence of any explanation by the mortgagor, however, it is a fair assumption that his brother really did contribute more than he had originally agreed to do, and so the auditing judge thought.

All exceptions are dismissed and the adjudication is confirmed absolutely.