# Gandy v. Weckerly, Appellant.

*Promissory notes—Contemporaneous parol agreement—Parol evidence— Evidence—Fraud.*

Where a person is induced by a contemporaneous parol promise to sign a promissory note which he would not have signed, except for the promise, a subsequent breach of the promise is a fraud upon his rights, and he may set up the breach as a defense to the note, and prove the promise by parol evidence.

In an action upon such a note where the defendant sets up in his affidavit of defense the promise and the breach thereof, and avers that he expects to prove the facts averred, the presumption is that he will do so by proper proof at the trial.   He is not required in his affidavit of defense to set forth the manner in which the facts therein alleged will be proved, nor the evidence by which they will be substantiated.

In an action upon a promissory note for $1,250 it appeared that the plaintiff, the payee of the note, was the president of a corporation of which the defendant, the maker of the note, was treasurer.   The corporation being in want of funds, the defendant was requested by plaintiff to give financial aid in the emergency.   The defendant in an affidavit of defense averred that the plaintiff "proposed to me that if I would loan to said company the sum of $1,250, taking its note therefor at

one year, before which time he said it would be easily able to pay it, he would sell to me 200 shares of its stock for the sum of $1,250, and take my note therefor, which note I would not be called upon to pay except out of and from the moneys to be repaid to me by said company in payment of its note held by me as aforesaid. He said he would make the note to him payable at the expiration of one year, because within that time the note of the company held by me would be paid; but that if from any cause whatever the amount of the note was not paid to me, I would not be called upon by him to pay the note to be given by me to him in payment of said stock. Relying upon this agreement that I would not be called upon to pay said note until the note given to me was paid, and without which agreement on his part I would not have purchased said stock or given my note therefor, I accepted his terms as above, loaned the company the sum of $1,250, taking its note therefor, purchased said stock, and gave to the plaintiff my note therefor, being the note in suit." The defendant further averred the refusal of the company to pay its note to him, and that he was and had been at all times ready to surrender that note, and his stock for the note in suit, or to pay to plaintiff as soon as he himself was paid by the company, or to return the shares of stock for the note in suit. *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued Jan. 15, 1908. Appeal, No. 356, Jan. T., 1907, by defendant, from judgment of Superior Court, Oct. T., 1906, No. 116, affirming order of C. P. No. 5,. Phila. Co., Dec. T., 1905, No. 1,261, making absolute rule for judgment for want of a sufficient affidavit of defense in case of George S. Gandy *v.* Frank Weckerly. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit on promissory notes.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*Alex. Simpson, Jr.,* for appellant.

*Wayne P. Rambo,* with him *Ormond Rambo,* for appellee.

OPINION BY MR. JUSTICE BROWN, March 2, 1908:
This is an action of assumpsit on a promissory note made by the appellant to the order of the appellee on November 21, 1904, for $1,250, payable one year after date. Judgment was

entered in the court below for want of a sufficient affidavit of defense, which was affirmed by the Superior Court: 34 Pa. Superior Ct. 79. From the judgment of that court we have this appeal.

Appellant's affidavit of defense, deemed insufficient, is as follows : " At and prior to November 21, 1904, plaintiff was the owner of the majority of the shares of the capital stock of the Emigrant Gulch Consolidated Placer Mines Company, the par value of his shares being about $400,000. Said company was in sore need of money, was threatened with financial disaster for want thereof, which would have resulted in the sacrifice of all or the greater part of plaintiff's investment therein as above. Plaintiff said that he had no money to loan to said company to save his said investment, and thereupon applied to me for that purpose. He proposed to me that if I would loan to said company the sum of $1,250, taking its note therefor at one year, before which time he said it would be easily able to pay it, he would sell to me 200 shares of its stock for the sum of $1,250 and take my note therefor, which note I would not be called upon to pay except out of and from the moneys to be repaid to me by said company in payment of its note held by me as aforesaid. He said that he would make the note to him payable at the expiration of one year, because within that time the note of the company held by me would be paid, but that if from any cause whatever the amount of that note was not paid to me, I would not be called upon by him to pay the note to be given by me to him in payment of said stock. Plaintiff at that time was president of said company, and knew all about its assets and financial condition, as well as its prospects, and suggested the loan and purchase by me as aforesaid for his own personal advantage to protect his large investments in said company. Relying upon his agreement that I would not be called upon to pay said note until the note given to me was paid, and without which agreement upon his part I would not have purchased said stock or given my note therefor, I accepted his terms as above, loaned the company the sum of $1,250, taking its note therefor as follows :

" ' $1,250.                    PHILADELPHIA, Nov. 21, 1904.

" ' On demand one year after date we promise to pay to the

order of F. Weckerly Twelve hundred and Fifty /100 Dollars.
570 Bullitt Bdg., Phila.

Without defalcation.   Value received.

" ' EMIGRANT GULCH CONSOLIDATED PLACER MINES CO.,

" ' F. WECKERLY,

" ' Treas.

" ' No.        Due Nov. 21, 1905. '

purchased said stock, and gave to plaintiff my note therefor,
being the note in suit.   I am still and at all times since its
making have been the holder and owner of the note given by
said company to me as above set forth, and nothing whatever
has been paid on account thereof, though I have frequently
made demand for payment thereof, and brought suit there-
for in common pleas, No. 4, as of December term, 1905,
No. 1,851, before this suit was brought.   Said company's re-
fusal to pay was really the act of plaintiff who, as president
and majority stockholder thereof, wrongfully induced them
so to do, and to file an unjust affidavit of defense in said suit
brought by me.   I at all times have been, and still am ready,
and hereby tender to plaintiff my willingness to give him the
said note given by said company to me in exchange for the
one in suit; or to pay him as soon as I am paid by said com-
pany ; or to return him said 200 shares of stock in exchange
for the note in suit.   But I aver that it would be a fraud to
permit plaintiff to violate his agreement with me as above set
forth, which was the consideration and inducement for the
giving of the note in suit, and recover from me until I have
been paid the amount due me by said company.   All which
facts I aver are true, and I expect to be able to prove them on
the trial of this case."

The defense set up is not that the appellant ought not to be
compelled to pay because there was a contemporaneous parol
agreement that his obligation was to be enforced only upon
certain conditions, and that such agreement was omitted from
it by fraud, accident or mistake, but is a clear and distinct aver-
ment that he was induced to give the note by a promise, which
very naturally might have been made by the appellee, if the cir-
cumstances surrounding the giving of the note are correctly
stated in the affidavit, and, if it was made, it ought, in all good

conscience, to be enforced. The inducing promise of the appellee was not intended to be incorporated in the note any more than the stock consideration which the appellant received, but, when the promise was broken, the right of the maker was to defend on its breach, for the same reason that he could defend for failure of consideration. When this defense prevails in a suit between the original parties to an obligation, its terms are not only contradicted, but set aside. Failure of consideration is, nevertheless, a defense, and so is a broken promise, if it induced the obligation.

The affidavit of defense was held to be insufficient by the court of common pleas because it contains no allegation of fraud, accident or mistake in the making of the note, and there is no averment that it was signed by the defendant upon the faith of a promise by the plaintiff that it would not be used by him as a note. It may be conceded that no fraud was practiced upon the appellant by the appellee when he received the note, and that at that time he honestly intended to keep his promise as to how it should be paid; but, however honest and upright his intention may then have been, if, to procure an unfair advantage to himself, he now attempts to exact payment from the appellant in violation of his promise, without which the note would not have been given, he is guilty of a fraud, against which the appellant may defend; and the latter is not defending on the ground that the plaintiff had agreed that he would not use the note as a note, but that he is attempting to use it differently from the use which he promised he would make of it.

The authorities relied upon by the learned judge of the common pleas for directing judgment are Anspach v. Bast, 52 Pa. 356; Phillips v. Meily, 106 Pa. 536, and Appleby v. Barrett, 28 Pa. Superior Ct. 349. In the first case the question of a promise as the inducement to the execution of the obligation was not involved. The affidavit of defense was held to be insufficient because there was nothing but an averment of a contemporaneous agreement that the note should not mature absolutely in six months, according to its terms. The question here involved was not in that case. The other two, instead of justifying the judgment against the appellant, rather support his defense. In Phillips v. Meily, 106 Pa. 536, we said: "The

cases in this state in which parol evidence has been allowed to contradict or vary written instruments, may be classed under two heads: 1st. Where there was fraud, accident or mistake in the creation of the instrument itself, and 2d. Where there has been an attempt to make a fraudulent use of the instrument, in violation of a promise or agreement made at the time the instrument was signed, and without which it would not have been executed. To the latter class belong Renshaw v. Gans, 7 Barr, 118 ; Rearich v. Swinehart, 1 Jones, 233, and Lippincott v. Whitman, 2 Norris, 244 ; " and the judgment on the verdict in favor of the defendant was reversed, because there was not "a word to show that the note in controversy was signed by the defendant upon the faith of any. assurance or promise on the part of the plaintiff that he would not proceed to collect it." In Appleby v. Barrett, in reversing the court below and directing judgment to be entered for want of a sufficient affidavit of defense, it was said : " The affidavit contained no averment that the defendant was induced to sign the note by reason of the oral stipulation, and this was sufficient in itself to warrant the entry of judgment for the plaintiff : Martin v. McCune, 8 Pa. Superior Ct. 84 ; Keough v. Leslie, 92 Pa. 424. The averments of the affidavit do not indicate that any oral agreement was the inducing cause for the signing of the written."

In Fuller v. Law, 207 Pa. 101—one of the three cases relied upon by the learned judge of the Superior Court, in sustaining the court below—what was decided, and intended to be decided, was what appears in the syllabus, approved by the member of the court who wrote the opinion : " In an action on a promissory note the defendant will not be permitted by his own testimony alone to contradict the direct promise to pay contained in the note, by proof that the note was given in payment for stock of a corporation, that the note was to be paid out of dividends on the stock, and that no dividends had ever been declared or paid." Law, the defendant, was the only witness called to impeach his obligation, and Mr. Justice DEAN said : " Defendant offered no other testimony in support of the alleged parol agreement, neither sustained nor offered to sustain him by other witnesses or by corroborative circumstances. Surely, the testimony of a single witness, and he the defendant, ought not to be sufficient to contradict and set aside

his deliberate promise in writing to pay on a fixed day, absolutely, a certain sum of money." In Homewood People's Bank v. Heckert, 207 Pa. 231, the question of the effect of a contemporaneous promise as the inducement to the giving of the obligation was not passed upon because apparently not raised. Krueger v. Nicola, 205 Pa. 38, has no application. The plaintiff there was not allowed to recover, because he had declared on a written agreement, and on the trial, to meet a defense set up, undertook to show a parol contemporaneous agreement on the part of the defendant, without averring or attempting to prove that it had been omitted from the written one by fraud, accident or mistake.

The error into which the common pleas and Superior Court fell was in failing to distinguish the defense of this appellant on a broken promise which induced him to sign the obligation, and without which he would not have signed it, from that of an attempt to impeach a written instrument by showing a parol contemporaneous agreement varying and contradicting it, without allegation or proof of the omission of such parol agreement from the written one by fraud, accident or mistake. That the defense here made, if supported by proper proof, must prevail, is not to be regarded as an open question. We need cite but three or four of our many cases sustaining it.

" It is agreed that the English rule excluding parol evidence to vary a written contract has not been adopted in this state in all its stringency. The exceptions, indeed, have in many instances almost eaten out the heart of the rule itself; but it is not altogether abolished, as may be seen in Martin v. Berens, 17 P. F. Smith, 459, where, in an elaborate opinion, our late lamented brother, Mr. Justice Williams, exhaustively states the exceptions to the rule. But from Hurst's Lessee v. Kirkbride, decided in 1773—reported by Chief Justice Tilghman in Wallace v. Baker, 1 Binn. 610—down to the present time, this court has uniformly held, that where at the execution of a writing a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, that parol evidence is admissible, though it may vary and materially change the terms of the contract. Mr. Justice Williams recognizes this in his opinion in Martin v. Berens, for he says, speaking of the case then be-

fore the court : ' Here there is no allegation in either affidavit
that the defendants were induced to execute the lease on the
faith of the alleged parol agreement.' It would be an affec-
tation of learning to cite all the cases which establish this
principle, but to those contained in the argument of the coun-
sel of the plaintiff in error, may be added Miller v. Hender-
son, 10 S. & R. 290, which is instar omnium, but may be no-
ticed as a case on all fours with the one now before the court:"
Greenawalt v. Kohne, 85 Pa. 369. " No principle is better
settled than that parol evidence is admissible to show a ver-
bal contemporaneous agreement, which induced the execution
of a written obligation, though it may vary or change the
terms of the written contract. Therefore it was competent
for the defendant to prove, if he could, that it was agreed be-
fore and at the time he signed the bond, that it should not be
resorted to until after the security of the mortgage was ex-
hausted, and that the security of the mortgage was lost
through the plaintiff's negligence :" Juniata Building Asso-
ciation v. Hetzel, 103 Pa. 507. " The existence of a contem-
poraneous parol agreement between the parties under the in-
fluence of which a note or contract has been signed, which is
violated as soon as it has accomplished its purpose in securing
the execution of the paper, may always be shown when the
enforcement of the paper is attempted. It is a plain fraud to
secure the execution of an instrument by representations as to
the manner in which payment shall be made, differing in im-
portant particulars from those contained in the paper, and,
after the paper has been signed, attempt to compel literal
compliance with its terms, regardless of the contemporaneous
agreement without which it would never have been signed at
all. Among the more recent cases in which this has been dis-
tinctly declared are Keough v. Leslie, 92 Pa. 424 ; Martin v.
Kline, 157 Pa. 473; Martin v. Fridenberg, 169 Pa. 447:"
Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165.
" Parol evidence is admissible to alter, vary or contradict a
written instrument where such evidence establishes an oral
agreement contemporaneous with the execution of the writing
and on the faith of which the instrument was executed : Chal-
fant v. Williams, 35 Pa. 212 ; Keough v. Leslie, 92 Pa. 424 ;
Shughart v. Moore, 78 Pa. 469. It has also been held that

where at the execution of a writing a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admissible although it may vary and materially change the terms of the contract: Greenawalt v. Kohne, 85 Pa. 369:" Fidelity & Casualty Co. v. Harder, 212 Pa. 96. Among the latest cases announcing the foregoing rule is Keller v. Cohen, 217 Pa. 522.

Whether the appellant shall be able to sustain his defense by the proper measure of proof is not a question now before us. When he avers that he expects to be able to prove the facts set out in the affidavit of defense, the presumption is that he will do so by proper proof. He is not required in his affidavit of defense to set forth the manner in which the facts therein alleged will be proved, nor the evidence by which they will be substantiated: Endlich on Affidavits of Defense, 324; Bronson v. Silverman, 77 Pa. 94; Kaufman v. Cooper Iron Mining Co., 105 Pa. 537.

The judgment of the Superior Court is reversed, as is that of the common pleas, and a procedendo awarded.