# Lawrence County National Bank, Appellant, *v.* Kaufman.

*Promissory notes—Renewal of note—Parol agreement.*

Where a bank promises an accommodation maker of a note that it would give the principal all the time he needed to pay the note, if the latter would renew the note from time to time, pay the interest and what he could by partial payments on the principal, and the bank after several renewals, payments of interest and partial payments of principal refuses to renew the note, although it accepts the interest and a partial payment, but demands a larger payment, the makers cannot be deemed in default in not tendering another renewal note after the date when the previous note which had been refused became due.

Argued April 28, 1910.  Appeal, No. 175, April T., 1910, by plaintiff, from order of C. P. No. 3, Allegheny County, Aug. T., 1909, No. 150, discharging rule for judgment for want of a sufficient affidavit of defense in case of National Bank of Lawrence County v. Joseph S. Kaufman et al.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Assumpsit upon a promissory note.  Before KENNEDY, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*S. S. Robertson,* with him *J. Norman Martin,* for appellant.

*J. A. Langfitt,* of *Langfitt & McIntosh,* for appellee, cited: Gandy v. Weckerly, 220 Pa. 285; Keller v. Cohen, 217 Pa. 522; Faux v. Fitler, 223 Pa. 568.

OPINION BY RICE, P. J., November 21, 1910:

This is an action of assumpsit on a promissory note made by the defendant to the order of the plaintiff on June 25, 1908, for $1,250, payable ninety days after date. It is alleged in the statement of claim, that on September 25, 1908, the defendant paid to the plaintiff $74.00 on account of the note—being $50.00 on the principal debt and $24.00 interest to November 25, 1908,—leaving the amount sued for $1,200, with interest from November 25, 1908.

The summons was issued to June term, 1909, and was returned served on William Kaufman, and non est inventus as to Joseph S. Kaufman, the other maker. William Kaufman filed an affidavit of defense, in which he alleged that Joseph S. Kaufman was liable to the plaintiff as indorser upon a promissory note, for $1,700, of a certain corporation which had been adjudicated a bankrupt, and that suit had been brought by the plaintiff against Joseph S. Kaufman to recover the amount of the note; that subsequently the plaintiff approached the defendant and stated that it was its desire to withdraw said suit if it could "liven up" the paper, meaning thereby to have an apparently live asset in the bank in the shape of a note bearing two names, as required by the controller of the currency and the national bank examiners, instead of the note as it then stood; that the plaintiff further stated to deponent the time of payment was no object to plaintiff, and that it was willing to accept payment on account from Joseph and take his note for the balance, with the defendant's indorsement thereon. Then follows the averment as to the collateral promise the breach of which the appellee, William Kaufman, sets up as a defense to the present action, namely: "that if he, deponent, would indorse the said note, for said Joseph S. Kaufman, or become joint maker with him, plaintiff would agree to give said Joseph S. Kaufman all the time he would require or need to pay the said note; that plaintiff would continue to renew said note from time to time and as often as was

necessary, to enable said Joseph S. Kaufman to discharge said debt by payments in such amounts as he could find it convenient to make; and that all said plaintiff desired was that said Joseph S. Kaufman would promptly renew the note, as it became due from time to time, and pay the interest for renewals thereof, and pay off on said note as much as he could, by partial payment on account until the said debt was paid and discharged in full." This is followed by averments that, relying upon the promise and representation so made to him, in the absence of which the defendant would not have become indorser or jointly liable with Joseph upon any note to be given to the plaintiff on this account, and solely by reason thereof and on the strength of the plaintiff's promise and representations, the deponent, on June 12, 1907, became accommodation maker jointly with Joseph on a note to the order of the plaintiff for $1,500, payable four months after date; that Joseph paid the balance of the $1,700 debt, the discount on the new note, and the costs of the then pending suit, which was then discontinued; that the note was renewed from time to time until the debt was reduced to $1,250, when the defendant became joint maker of the note in suit, "under the same terms and conditions as in the original note and in reliance upon the promises and representations of the plaintiff that said note would be renewed at maturity if said Joseph Kaufman would then make partial payment on account of the principal thereof and pay the discount for renewal." The averment as to the defendant's tender of performance and as to the plaintiff's refusal to accept a renewal note when the note in suit fell due, is, substantially, that on September 23 or 24, 1908, the deponent and Joseph executed a note for $1,200, due in four months, which, with Joseph's check for $74.00 was duly forwarded to the plaintiff in a letter informing the latter that the note was sent for the purpose of taking up the note to fall due on the twenty-fifth; that $50.00 of the amount of the check was to be applied on account of the principal, and $24.00 was intended as payment of the

discount on the renewal note; that the plaintiff received the letter with the note and check, but, contrary to the directions thereof and in violation of its promises and representations to the deponent, refused to renew the note for the amount of $1,200 and applied the entire $74.00 upon the principal of the $1,250 note; and that since that time it has consistently and persistently refused to renew the note in accordance with the collateral agreement above recited. It is further averred that the $1,200 note was returned to Joseph on September 30, 1908, in a letter in which the plaintiff stated that it insisted on a payment that would reduce the loan to $1,000 on or before October 23, and that the bank had applied the $74.00 on the principal of the note for $1,250—the note in suit.

The learned judge of the common pleas in his opinion overruling the motion for judgment cited the case of Gandy v. Weckerly, 220 Pa. 285, as authority for the proposition that where a person is induced by a contemporaneous promise to sign a promissory note, which he would not have signed except for such promise, the subsequent breach of the promise is a fraud on his right and he may set up the breach as a defense to the note, and prove the promise by parol evidence, and held that the rule as thus stated was applicable to the kind of promise set up in the affidavit of defense. This view is not controverted in the printed argument of appellant's counsel, which, as well as their statement of the question involved, shows that they ask to have the judgment reversed on a different ground. We feel justified, therefore, in confining our consideration to the question presented in the appellant's printed argument and his statement of the question involved, leaving other questions open for future consideration if occasion therefor shall arise. The grounds upon which they question the correctness of the refusal of judgment are that it does not appear by the affidavit of defense that the appellant suffered any damage by reason of the failure to formally accept the note for $1,200 tendered to the appellant; that for every legal purpose

and for every useful purpose to him the renewal note was accepted; that the bank committed itself to an extension by its acts; and that if there was any duty to tender performance after the expiration of four months from September 25, 1908, the duty rested on the defendants and not on the bank. We are unable to adopt this view. The $24.00 was not accepted as interest on the loan from September 25 to November 25, 1908, but was applied by the bank to the principal. Construing the averments of the affidavit of defense in connection with the plaintiff's letter, the agreement was that the payment to be made at each renewal should be in such amount as Joseph could make, whereas the plaintiff took the position that a renewal would not be accepted except upon payment of the amount it dictated. In effect, taking the averments in the affidavit for verity, the action of the bank on September 30 was distinct and unequivocal notice to the appellee that it denied or at least would not be bound by the parol agreement set up in the affidavit, and, as the case is now presented, there is nothing to show that the bank receded from that position during the period that the renewal note tendered in September, 1908, was to run. Therefore, if the appellee was not in default at the beginning of that period he cannot be said to be in default because another renewal note was not tendered by him and the principal debtor at the expiration of that period.

This is all we deem it necessary to say at this time except to emphasize the fact that the case as now presented does not directly or indirectly involve the question of the release or extinguishment of the debt of Joseph Kaufman or of his liability on the note in suit.

The appeal is dismissed at the costs of the appellant without prejudice, however, to its right to trial by jury and a second appeal after final judgment.