# Croyle *v.* Cambria Land & Improvement Company, Limited, Appellant.

*Evidence—Parol evidence—Contracts—Contract in writing—Contemporaneous verbal agreement.*

1. Parol evidence is admissible to show a contemporaneous verbal agreement which induced the execution of a written obligation, although it may vary or change the terms of the written contract, and although the parol agreement may not have been omitted from the writing through fraud, accident or mistake. This rule is applicable to

the case of a deed of release for a right of way executed by a landowner in reliance upon a contemporaneous promise that the land on both sides of the road to be constructed should be filled in and brought to a level with the surface of the road.

2. In such a case declarations made by the same person who made the contemporaneous agreement, but prior to the execution of the written agreement, are admissible, to the effect that there was an original verbal contract to make the fill referred to in the parol agreement. Such declarations are corroborative of the contemporaneous parol agreement.

Argued Oct. 3, 1911. Appeal, No. 185, Oct. T., 1911, by defendant, from judgment of C. P. Cambria Co., Sept. Term, 1909, No. 381, on verdict for plaintiff in case of Frank S. Croyle v. Cambria Land & Improvement Company, Limited. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for breach of contract. Before O'CONNOR, P. J.

At the trial it appeared that the plaintiff claimed damages for a failure on the part of the defendant to do certain filling on both sides of a right of way granted by the plaintiff to the defendant, in accordance with a parol agreement alleged to have been made contemporaneously with the execution of the deed of release of the right of way. After the deed of release was offered in evidence the plaintiff offered to prove the parol agreement made by the defendant's agent at the time of the execution of the deed that the low land on each side of the road should be filled in so as to bring it to a level with the road to be constructed.

Objection to this offer was made as follows:

Mr. Williams: The deed from the plaintiff to the defendant having been offered and admitted in evidence, counsel for the defendant now object to the admission of a parol contemporaneous agreement made at the time of the execution of the deed to vary, alter, change, modify, or contradict said deed, or to add to the consideration of said deed mentioned, or to prove any consideration other

than the consideration therein mentioned for the following reasons:

1. The reading of the deed and the recital therein expressly said that the full consideration for the privileges therein granted are expressed therein, and thereby preclude the proving of any other consideration by parol.

2. The plaintiff's statement does not aver that the parol contemporaneous agreement was omitted from said deed through accident or mistake.

3. The deed purports to contain the full agreement between the parties, especially as to consideration.

The Court: It is not contended that anything was omitted from the written agreement or deed by virtue of any accident or mistake, but it is contended that the plaintiff refused to sign the deed in question, as it was written, until the defendant agreed that if the deed was executed as it stood, that it would make a fill for which the plaintiff contends in this case, and this contemporaneous parol agreement was made, not with the intention of having it placed in the written agreement, as an inducement of the execution of the deed in its present form and it matters not what the contents of the deed were, or what the consideration therein mentioned was, the plaintiff seeks to recover the consideration for the contemporaneous parol agreement in this proceeding. Therefore, we overrule the objection, note an exception, and seal a bill for the defendant company. [1]

Verdict and judgment for plaintiff for $2,465. Defendant appealed.

*Error assigned* among others was (1) ruling on evidence, quoting the bill of exceptions.

*William Williams*, with him *R. E. Cresswell*, for appellant.—Parol evidence is not admissible to contradict a grant clearly conveyed: 3 Vale's Pa. Digest, cols. 8703–8713; Harvey v. Vandegrift, 89 Pa. 346; Thomas v. Henderson, 4 Kulp, 390; Jackson v. Payne, 114 Pa. 67; Black

v. Garrett, 2 Leg. Rec. R. 251; Meyers v. Robinson, 74 Pa. 269; Shafer v. Senseman, 125 Pa. 310; Heebner v. Worrall, 38 Pa. 376; Martin v. Berens, 67 Pa. 459; Lewis v. Brewster, 57 Pa. 410; Cozens v. Stevenson, 5 S. & R. 421; Ellmaker v. Ins. Co., 5 Pa. 183; Jessop v. Ivory, 158 Pa. 71; Otto Gas Engine Works v. Pepper, 228 Pa. 205; Quaker City Car Advertising Co. v. Meyers, 20 W. N. C. 388; Allison v. Kurtz, 2 Watts, 185; Melcher v. Hill, 194 Pa. 440; Krueger v. Nicola, 205 Pa. 38; Wodock v. Robinson, 148 Pa. 503.

*Frank P. Barnhart*, with him *George E. Wolfe*, for appellee.—Proof of the parol agreement was proper: Gandy v. Weckerly, 220 Pa. 285; Faux v. Fitler, 223 Pa. 568; McSorley v. Allen, 36 Pa. Superior Ct. 271; Land-Wharton Co. v. Hughes, 37 Pa. Superior Ct. 602; Ramsden v. Simplex Foundation Co., 39 Pa. Superior Ct. 587; Zeller v. Haupt, 41 Pa. Superior Ct. 647; Lawrence County National Bank v. Kaufman, 44 Pa. Superior Ct. 567. See also Perkiomen R. R. Co. v. Bromer, 217 Pa. 263.

OPINION BY MR. JUSTICE STEWART, January 2, 1912:

The issue submitted to the jury, and by them passed upon, was whether the plaintiff, in executing and delivering to the defendant company a deed of release for the right of way upon and over his land for a thoroughfare, did so relying upon a contemporaneous promise made by defendant's contracting agent that the company would, within a fixed period, which had elapsed before the bringing of the suit, so fill the flat or lowland on plaintiff's lot, at either side of the thoroughfare to be constructed, as to bring it to a level with the surface of the thoroughfare. Because it was not alleged in either the statement of the cause of action or in any of the offers of evidence, that the subject of the alleged parol promise had been omitted from the deed of release through fraud, accident or mistake, the evidence was objected to as incompetent. Its admission is the only matter assigned for error that

calls for consideration. It will be observed that the evidence was not offered for the purpose of reforming the contract between the parties. Had it been, it must have been rejected as wholly insufficient for the purpose. Admittedly both parties knew exactly what the deed of release contained, and all that it contained, before it was signed and sealed. This left no possible ground for reformation. As written, untainted by fraud, and standing clear of mistake, it was the contract of the parties to be by each accordingly observed. What was attempted to be shown to the satisfaction of the jury, was that the plaintiff, knowing that the deed of release as prepared imposed no obligation on the defendant to fill the lowland to the level of the thoroughfare, refused to execute it, because of this circumstance, and requested that another instrument containing this provision be written; that the defendant company's representative desiring to avoid delay, thereupon promised the plaintiff that if he would execute the paper as written, the defendant company would at its cost make the required fill within a given period; and that it was upon the faith of this promise that plaintiff executed the deed of release. No case could better illustrate the wisdom of the policy adopted in this state at a very early period, and since steadfastly adhered to, of excepting out of the operation of the English rule excluding parol evidence to vary, contradict, or alter a written contract, cases where a contemporaneous parol promise is proposed to be shown, on the faith of which the contract was executed. Here was found no fraud in connection with the execution of the contract to be relieved against. The promise to do something over and above what was expressed in the writing and which induced the signing of it by the plaintiff, was honestly made, or, if otherwise, fraudulent purpose in connection therewith, as an undisclosed intent, was absolutely incapable of proof. The English rule in its strictness would exclude all evidence of the promise, notwithstanding a subsequent refusal by defendant to observe its promise; while holding on to what it obtained by rea-

son of it, would be quite as much a fraud on the plaintiff as any willful suppression or misrepresentation of fact in connection with the making of the instrument; and notwithstanding the certain result that defendant would be left secure in the enjoyment of plaintiff's property, which it had not paid for, because of the law's inability to compel it to keep and observe the promise on the faith of which it had obtained the property. It was this manifest inadequacy of the rule to work out equitable results in just such case as we have here that prevailed with our courts to except such cases out of its operation. And so we have it settled in Pennsylvania, beyond all dispute, "that where at the execution of a writing a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admissible, though it may vary and materially change the terms of the contract." This was said in the very early case of Hurst's Lessee v. Kirkbride, 1 Binney, 616, and the doctrine of that case was so repeatedly recognized thereafter, that in Greenawalt v. Kohne, 85 Pa. 369, this court said, "No principle is better settled than that parol evidence is admitted to show a verbal contemporaneous agreement which induced the execution of a written obligation though it may vary or change the terms of the written contract." And again, "All the cases show," says BELL, J., in Renshaw v. Gans, 7 Pa. 117, "that to pave the way for the receiving of oral declarations it is not necessary to prove a party was actuated by a fraudulent intent at the time of the execution of the writing. His original object may have been perfectly honest and upright; but if to procure an unfair advantage to himself he subsequently denies the parol qualification of the written contract, it is such a fraud, as will under the rules operate to let in evidence of the real intent and final conclusion of the contractors." A recent very thorough discussion of this subject by our Brother BROWN in the case of Gandy v. Weckerly, 220 Pa. 285, makes further comment here un-

necessary.  In the case last referred to will be found a review of all the cases, showing such absolute accordance of authority as should convince that the question raised by the assignments here is no longer disputable.

Several of the assignments relate to the admission of declarations on the part of defendant company's representative made some time previous to the execution of the deed of release, to the effect that under the original verbal contract with the plaintiff the defendant company was to fill up the lowlands on the plaintiff's lot.  It is urged that these were inadmissible because not contemporaneous with the writing.  Except for the evidence already in of the promise having been made at the time the deed of release was made, these declarations would not have been competent; but with this evidence in, they lent support to the plaintiff's contention, and to whatever extent they did this, plaintiff was entitled to the benefit.

All the assignments are overruled and the judgment is affirmed.