# Excelsior Saving Fund and Loan Association, Appellant, *v.* Fox.

*Judgments—Confessed judgments—Opening of judgments—Parol evidence rule—Contemporaneous verbal agreement—Building associations.*

1. Where at the execution of a writing, a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admissible, though it may vary and materially change the terms of the contract.

2. Upon the hearing of a petition for the opening of a judgment entered by confession upon a bond conditioned for the payment of $3,000.00, it appeared that such bond accompanied a second mortgage given by petitioners to a building association; that at the time of the execution of the instrument, a first mortgage had been given by petitioners upon the property for $4,000.00 with a subscription to 20 shares of stock of the association, that there was a parol agreement on the faith of which the mortgages were executed, that the principal of the second mortgage should not be called until the first mortgage had been paid by the maturing of the shares of stock in defendant association; such stipulation was not included in the writing and the second mortgage was made payable one year from date. *Held,* the lower court did not err in opening the judgment.

Submitted Feb. 1, 1916. Appeal, No. 259, Jan. T., 1915, by plaintiff, from order of C. P. Montgomery Co., March T., 1915, No. 79, making absolute a rule to open a confessed judgment, in case of Excelsior Saving Fund and Loan Association v. Morris Fox and Maggie Fox. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Petition for a rule to open a confessed judgment. Before MILLER, J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute. Plaintiff appealed.

*Error assigned* was the order of the court.

*Henry Freedley,* submitted for appellant.

*Wm. F. Dannehower,* submitted for appellee.

OPINION BY MR. JUSTICE POTTER, April 17, 1916:

This is an appeal from an order of the court below making absolute a rule to open a confessed judgment which was entered by the Excelsior Saving Fund and Loan Association against the defendants. The latter had given a bond and a mortgage, dated April 2, 1907, conditioned for the payment of $3,000, in one year from that date, with interest. Plaintiff caused judgment to be entered on the bond on March 15, 1915, and execution was issued.

In the petition for opening the judgment it was averred that defendants borrowed $7,000, from the plaintiff association, for which they gave a building association mortgage for $4,000 with a subscription to twenty shares of stock in the association as collateral, and they also gave a mortgage in the ordinary form for $3,000, both covering the same property. The second mortgage was drawn by the solicitor for the association and was made payable in one year from its date. But defendants alleged, and in this they were corroborated by the solicitor himself, that at the time the bond and mortgage were executed a parol agreement was made between the officers of the association and themselves that they were not to pay the principal of the second mortgage until the amount due on the first mortgage had been paid by the maturing of their stock in the building and loan association, at which time defendants were to have the option of taking out additional shares of stock in the association to the amount of $3,000, and to have their straight loan for that amount changed to one secured by a building association mortgage with the additional stock as collateral. They did not read the bond and

mortgage at the time of their execution, and they were not informed that the papers were not drawn in accordance with the parol agreement. Defendants prayed that the judgment be opened, in order that they might show the defense which they set forth. In his opinion, sent up with the record, the learned judge bases his action upon his finding that the defense urged here is a broken promise which induced the defendants to sign the obligations, and without which they would not have signed them—a promise with respect to the time of payment. The distinction he draws is squarely in line with the decisions in Gandy v. Weckerly, 220 Pa. 285, and Croyle v. Cambria Land & Improvement Co., Ltd., 233 Pa. 310. In the latter case Mr. Justice STEWART said (p. 314) that the policy was "adopted in this State at a very early period, and since steadfastly adhered to, of excepting out of the operation of the English rule excluding parol evidence to vary, contradict, or alter a written contract, cases where a contemporaneous parol promise is proposed to be shown, on the faith of which the contract was executed." Also (p. 315) that, "we have it settled in Pennsylvania, beyond all dispute, 'that where at the execution of a writing a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admissible, though it may vary and materially change the terms of the contract.' This was said in the very early case of Hurst's Lessee v. Kirkbride, 1 Binney 616, (Wallace v. Baker, 1 Binney 610), and the doctrine of that case was so repeatedly recognized thereafter, that in Greenawalt v. Kohne, et al., 85 Pa. 369, this court said, 'No principle is better settled than that parol evidence is admitted to show a verbal contemporaneous agreement which induced the execution of a written obligation though it may vary or change the terms of the written contract.' And again, 'All the cases show,' says BELL, J., in Renshaw v. Gans, 7 Pa. 117, 118, 'that to pave the way for

the receiving of oral declarations it is not necessary to prove a party was actuated by a fraudulent intent at the time of the execution of the writing. His original object may have been perfectly honest and upright; but if to procure an unfair advantage to himself he subsequently denies the parol qualification of the written contract, it is such a fraud as will under the rules operate to let in evidence of the real intent and final conclusion of the contractors.' A recent very thorough discussion of this subject by our Brother Brown in the case of Gandy v. Weckerly, 220 Pa. 285, makes further comment here unnecessary." The same rule was again approved in Potter v. Grimm, 248 Pa. 440, so that the right of the appellees in this case, to set up an alleged contemporaneous parol agreement as a defense, cannot be questioned. Was there sufficient proof to justify the action of the court below?

An examination of the record shows that there was evidence tending to show that during the negotiation for the loan the association agreed to take a straight mortgage for $3,000, and a second mortgage of $4,000, for a stock loan with twenty shares of stock, with the understanding that, when the second mortgage was paid off, additional shares were to be taken to liquidate the first mortgage of $3,000. It appears that the committee of the association, appointed to view the property, reported in favor of an arrangement of this kind, although neither in the report of the committee, nor the resolution of the board of directors, were the terms of payment of the straight mortgage specified. Mr. Jenkins, who was the secretary and solicitor of the association when the loan was made to defendants, testified that the bonds and mortgages were drawn in his office under his direction, and that nothing was said to him as to how long the $3,000 mortgage was to stand, and that he drew it for one year, as he was accustomed to do, unless expressly authorized to the contrary. He said that it was his understanding that the principal of the $3,000 mortgage was not to be

payable until after the maturity of the $4,000 mortgage, and he had no doubt but that he had so stated to Mr. Fox. The testimony of defendants as to the contemporaneous parol agreement is corroborated by several witnesses, as well as by the circumstances that the board of directors of the association did not by their resolution require the loan to be made payable in one year, nor did they make any attempt to collect the principal at the end of the first year, but allowed it to remain unpaid without any demand for payment until seven years after that time. This was evidently consistent with the arrangement which defendants claimed was made. We think the evidence was sufficient to justify the conclusion reached by the court below. It is argued on behalf of appellant that the secretary and solicitor had no authority to make the agreement alleged by defendants, being bound by the by-laws of the association and the resolution of the board of directors. The by-laws were not offered in evidence, but an extract printed by appellant shows that when unproductive funds were on hand the directors had power to loan them upon such security and on such terms as they thought best. Their resolution left the secretary free to make an agreement fixing the date when the principal of the bond and mortgage should become due. If the testimony upon the part of defendants is to be credited, it would appear that they were quite willing to make payment of the principal of the mortgage in question, but such payment was declined, unless the $4,000 mortgage was also paid, which was admittedly an ordinary building and loan association mortgage, being discharged in the ordinary course by the payment of the regular dues and interest. Under such circumstances, the action of the secretary of plaintiff association in entering judgment upon the bond and assessing damages, was apparently unwarranted, and the resulting execution was without valid excuse. The court below ordered an issue to be framed and submitted to it for approval. Before granting that approval, the

court will without doubt see to it that the interests of appellant are fully protected.

The assignment of error is overruled, and the order of the court below is affirmed.