# Danish Pride Milk Products Co. *v.* Marcus et al., Appellants.

*Contracts—Payment—Accord and satisfaction—Agreement to receive back merchandise—Contemporaneous agreement—Principal and agent—Evidence—Party dead—Agent — Authority — Accepting, benefits—Estoppel—Hearsay—Harmless error — Delay — Act of May 23, 1887, P. L. 158.*

1. A vendee's payment for such part of the merchandise as he has resold, accompanied by an offer to return the balance, does not constitute an accord and satisfaction.

2. It is proper to admit in evidence a contemporaneous agreement made in connection with a sale of merchandise by which the vendor agreed to accept a return of the portion of the goods which the vendee was unable to sell.

3. Where such an agreement is made by an agent, and the vendor confirms it, and retains the benefit thereof, he cannot repudiate the agent's authority to make the agreement.

4. In such case, the vendee is a competent witness, although the agent is dead, to testify to the oral agreement, inasmuch as the agent was not a party to the thing or contract in action, although he represented the vendor. The Act of May 23, 1887, P. L. 158, does not apply.

5. Where a vendor confirmed an order taken by an agent, and retained the benefit thereof, it cannot repudiate his authority to make the alleged oral agreement.

6. It is error for the court to admit in evidence complaints of the goods made in statements by persons who had purchased them from defendants. Such evidence is mere hearsay.

7. Where the quality of the goods is put in issue by the statement of claim and the affidavit of defense, the vendor cannot contend that the admission of hearsay evidence was harmless error for the reason that the vendees were precluded from interposing the quality of the goods as a defense, because of the long delay in returning or offering to return them.

Argued October 17, 1921. Appeal, No. 120, Oct. T., 1921, by defendants, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 337, on verdict for plaintiff, in case of Danish Pride Milk Products Co. v. Jacob C. Marcus et al. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Assumpsit for goods sold and delivered. Before SWEARINGEN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,914.59. Defendants appealed.

*Errors assigned,* among others, were (1) refusal of defendants' motion for judgment n. o. v., and (3, 4), rulings on evidence, referred to in the opinion of the Supreme Court, quoting record.

*Charles H. Sachs,* of *Sachs & Caplan,* with him *J. J. Goldsmith,* for appellant.—The court should have affirmed the defendants' request for binding instructions: Royal Ins. Co. v. Beatty, 119 Pa. 6.

The court erred in refusing to permit defendants to prove the inducing promise to the giving of the order: Excelsior S. F. & L. Assn. v. Fox, 253 Pa. 257; Shields v. Hitchman, 251 Pa. 455; Gandy v. Weckerly, 220 Pa. 285; Croyle v. Land & Imp. Co., Ltd., 233 Pa. 310; Federal Sales Co. v. Farrell, 264 Pa. 149; Singer Mfg. Co. v. Christian, 211 Pa. 534.

*Blythe S. Weddell* and *M. J. Hosack*, for appellee, cited: Shields v. Hitchman, 251 Pa. 455.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

Plaintiff is a corporation engaged in the sale of milk products at Sheyboygan, Wisconsin, and defendants are wholesale dealers in dairy products, etc., at Pittsburgh, Pa. On June 16, 1920, defendants gave plaintiff, through its agent, a written order for eight hundred cases of a certain brand of condensed milk called "Enzo Milk," at $5 per case, subject to plaintiff's confirmation, which was given, and the milk shipped to Pittsburgh where it arrived and was received by defendants on July 1st. The terms were "2% 10 days"; but no payment was made until September 2d, when defendants enclosed a check for $300, accompanied by a letter as follows, viz: "We have written to you that it is impossible for us to sell your Enzo Milk, and we are again writing you that we are absolutely in no position to handle it. We have sold sixty cases to different customers and we get complaints all around. We are enclosing a check for $300 three hundred dollars for the sixty cases and ask you to make disposal of the 740 cases. We have paid the storage until Oct. 8, 1920." Plaintiff retained the check, but made no reply to the letter, and, on October 18th, brought this suit in assumpsit for the balance of the contract price. A week later defendants shipped the 740 cases back to plaintiff, who declined to accept the same, but thereafter, defendants refusing to recall the shipment, sold the milk at $3.50 per case, for the latters' account. In view of which, plaintiff filed an amended statement giving defendants credit for the net amount so received. Plaintiff averred, and submitted evidence to prove that the milk delivered July 1st, was of the quality ordered,—in the language of the trade, "sound milk." In reply, defendants averred and submitted evidence to show the milk was fermented, rendering it unsalable and unfit for its intended use as an

article of food. The jury found for plaintiff for the amount of the claim as amended and, from judgment entered thereon, defendants have appealed.

The check sent September 2, 1920, reads, "Pay to the order of Enzo Milk Company $300 three hundred dollars. In full payment of your invoices for period ending 6/29/20"; and defendants contend that, in view of the language therein, its retention by plaintiff, and the later return of 740 cases of milk, operated as a full discharge of the claim in suit. This contention is without merit; especially as the letter accompanying the check states it is "for the 60 cases." The statement that it was "in full payment of your invoices," did not change the fact that it paid for only 60 of the 800 cases. The making of a small payment on a large account for goods purchased will not liquidate the entire debt, even when accompanied by an unaccepted offer to return sufficient of the goods, at cost prices, to equal the balance of the claim. In other words, a vendee's payment for such part of the merchandise as he has resold, accompanied by an offer to return the balance, does not constitute an accord and satisfaction, and the facts here do not constitute an estoppel. Even giving the check the effect of a receipt in full, it would be only prima facie evidence of payment, and is not that when read in the light of the accompanying letter. The milk shipped back to plaintiff was deteriorating and subject to demurrage charges, and, as plaintiff had notified defendants to remove the same or it would be sold for their account, the credit given them for the amount of such resale was all to which they were entitled. See section 60 of the Sales Act of May 19, 1915, P. L. 543, 560.

Defendants had never handled any of the Enzo Milk, and the affidavit of defense avers, in effect, that they expressed to plaintiff's agent doubt as to their ability to sell the same and gave the order only because of a verbal agreement then made by the agent that plaintiff would take off their hands all of the eight hundred cases which

they were unable to sell, and that they were only able to sell the sixty cases. At the trial, one of the defendants was called as a witness in support of the alleged verbal agreement and, on objection, his evidence as to that was excluded by the trial judge. This was error. A contemporaneous oral agreement, on the faith of which a written contract was executed, may be shown although it varies the terms of the latter: Excelsior Sav. F. & L. Assn. v. Fox, 253 Pa. 257; Croyle v. Cambria L. & I. Co., 233 Pa. 310; Gandy v. Weckerly, 220 Pa. 285; Greenawalt v. Kohne et al., 85 Pa. 369. Proof of the oral agreement, however, must be clear, precise and indubitable; and, whether, if true, it is such is a question for the court, but cannot be determined until all of the evidence bearing thereon is submitted.

The defendant called as a witness was not rendered incompetent because of the death of plaintiff's agent, as the latter was not a party to the thing or contract in action (Act of May 23, 1887, P. L. 158), although he represented plaintiff in the transaction: Sargeant v. Ins. Co., 189 Pa. 341; Am. Life Ins. & Trust Co. v. Shultz, 82 Pa. 46. And see Dillon's Est., 269 Pa. 234. As plaintiff confirmed the order taken by the agent, and retained the benefit thereof, it cannot repudiate his authority to make the alleged oral agreement: Federal Sales Co. v. Farrell, 264 Pa. 150; Singer Mfg. Co. v. Christian, 211 Pa. 534; Keough v. Leslie, 92 Pa. 424; Caley v. Phila. & Chester County R. R. Co., 80 Pa. 363.

Plaintiff offered in evidence the deposition of its president, John F. Enz, and the trial judge, over defendants' objection, admitted the following question and answer therein, viz: "Q. State whether or not any complaints have been received from the purchaser [at the resale] to the effect that the milk was sour and unfit for consumption? A. No complaints have been received from Seggerman Brothers [the purchasers] but on the contrary, they have expressed their entire satisfaction with the milk delivered to them." This should have been ex-

cluded as it got before the jury the mere hearsay declarations of those who repurchased the milk. Their statements if deemed important, should have been given under oath and subject to cross-examination.

Appellee contends the question of hearsay evidence is unimportant for the reason defendants are precluded from interposing the quality of the milk as a defense, because of their long delay in returning or offering to return it. Unfortunately for this contention, the quality of the milk is expressly put in issue by the statement of claim and affidavit of defense; and the evidence submitted by each party bears largely on that question; hence, it cannot be affirmed that the improper admission of the hearsay evidence was harmless error. Moreover, the pleadings raise no question as to the effect of the lapse of time preceding defendants' offer to return the milk.

Our conclusions, as above stated, sustain the third and fourth assignments of error; thereupon the judgment is reversed and venire facias de novo awarded.