## Remley v. Susselman

Before Forrest, P. J., Honeyman and Quinlan, JJ.

*Ronald H. Israelit,* for plaintiffs.

*Roger B. Reynolds,* for defendant.

HONEYMAN, J., July 23, 1963.—Plaintiffs, William J. Remley and Charlotte M. Remley, husband and wife, instituted this action in assumpsit against defendant trading as George-Rambler and/or George-Nash. In the complaint, it is averred that on or about October 3, 1956, plaintiffs and defendant entered into a contract for sale by defendant to plaintiffs of a new 1956 Nash automobile, which was to be financed over a 36-month period. Actually, such was a lease-sale contract. Plaintiffs allege that prior to the execution of said agreement, they inquired of defendant whether William J. Remley would have any difficulty taking the car out of the Continental United States, since it was being financed, and he, being in the Armed Forces, was to be transferred shortly thereafter to Hawaii.

Defendant allegedly represented "he (plaintiff) would have no difficulty in taking the car with them to Hawaii even though it was financed." Allegedly, plaintiffs relied upon this representation in entering into the aforementioned agreement.

Plaintiffs state that defendant's representation was incorrect and that they were unable to get their new automobile out of the country, and they had to, in effect, abandon the car, as a result of which they suffered certain losses, which form the basis of this suit. It further appears, however, that from the time of its purchase, plaintiffs failed to pay any of the monthly installments due on this automobile; consequently, it was repossessed on or about April 24, 1957. In the Court of Common Pleas of Delaware County, Pa., as of June term, 1961, no. 1258, Commercial Credit Corporation (C.C.C.), assignee of said agreement, entered a deficiency judgment on said agreement in the amount of $811.72, which plaintiffs paid.

To plaintiffs' first complaint, defendant filed preliminary objections in the form of a motion for a more specific complaint and a demurrer. To plaintiffs' amended complaint, defendant once again filed preliminary objections, paragraphs 1 and 3 thereof being in the nature of a demurrer and averring no valid cause of action by virtue of plaintiffs' attempt to modify by parol evidence a written instrument which contains an integration clause; and paragraph 2 raising the defense of res judicata. After a consideration of the pleadings here involved, and the oral arguments and briefs of counsel, it is the conclusion of this court that the objections made in paragraph 1 and 3 are well taken.

One of the most recent pronouncements by our Supreme Court of the Pennsylvania Parol Evidence Rule is found in United Refining Company v. Jenkins, 410 Pa. 126 (1963), wherein is stated, at page 134:

"In Grubb v. Rockey, 366 Pa. 592, 597, 79 A. 2d 255, we said: 'The modern Pennsylvania Parol Evidence Rule is well stated by Mr. Justice Stearne in Walker v. Saricks, 360 Pa. 594, 598, 63 A. 2d 9: "This Court said in Gianni v. R. Russell & Co., Inc., 281 Pa. 320, 323, 126 A. 791: 'Where parties, without any fraud or mistake, have deliberately put their engagements in writing, *the law declares the writing to be not only the best, but the only, evidence* of their agreement: [citing cases]. *All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract* . . . and unless fraud, accident or mistake be averred, *the writing* constitutes the agreement between the parties, *and its terms cannot be added to nor subtracted from by parol evidence*: [citing cases].' " ' See also: O'Brien et al. v. O'Brien, supra; Bosker v. Lewis, 383 Pa. 507, 119 A. 2d 67; Keleher v. LaSalle College, 394 Pa. 545, 147 A. 2d 835."

In the present case, plaintiffs attempt to add to a written agreement a certain term which was allegedly understood between the parties, viz. that plaintiffs would be able to take the automobile they were leasing out of the country without any difficulty. By reason of the pronouncement in the Jenkins case, supra, such a verbal agreement is deemed to have been merged into, and superseded by, the subsequent written contract which plaintiff-husband executed. Oral representations at this time that a different understanding as to the terms of the written lease-sale agreement existed at the moment of the execution thereof, cannot, by virtue of the Parol Evidence Rule, alter the terms of this contract.

Additional support is given to defendant's position in light of our Supreme Court's pronouncement in Grubb v. Rockey, 366 Pa. 592 (1951), wherein, at page 597, is found:

" 'In cases of this kind, where the cause of action rests entirely on an alleged oral understanding concerning a subject which is dealt with in a written contract, it is presumed that the writing was intended to set forth the entire agreement as to that particular subject. "In deciding upon this intent [as to whether a certain subject was intended to be embodied by the writing], the chief and most satisfactory index . . . is found in the circumstances *whether or not the particular element of the alleged extrinsic negotiation is dealt with at all* in the writing. If it is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element; . . ." ' "

A review of the lease-sale agreement signed by husband plaintiff shows clearly that the alleged extrinsic negotiation is dealt with by the parties and included in the terms of their agreement. With respect to the removal of the automobile which was delivered to plaintiffs in 1956 by defendant, said written agreement provides that:

"Lessee agrees not to remove car permanently from the filing district in which said address is located without the written consent of Lessor."

The above-cited term in plaintiffs' lease-sale contract certainly shows that the extent to which this "Car" could be moved was not only contemplated, but included in the written agreement. Such strengthens defendant's position that there was no different understanding with respect to the disposition of this car. An integration clause was included in said lease-sale agreement which provides:

"This Lease constitutes the entire agreement between the parties and no changes herein shall be valid unless in writing, signed by Lessee and the owner hereof. Car is accepted without any express or implied warranties, except as expressly set forth herein."

This further bolsters defendant's demurrer based upon the Parol Evidence Rule.

Finally, plaintiffs cannot take advantage of any exception to the Parol Evidence Rule, so as to overcome its effect on their contention, since plaintiffs have nowhere in their complaint specifically alleged fraud, accident or mistake.

The language used by our Supreme Court in Nick v. Craig, 301 Pa. 50 (1930), is particularly applicable on this point.

It was said therein, at page 56, that:

"There is neither averment nor proof that anything was omitted from or added to the agreement by fraud, accident or mistake; hence, it must be construed exactly as it is written, and all prior negotiations as to its terms must be considered as merged in it. . . ."

Plaintiffs merely aver that defendant "represented that plaintiffs would have no difficulty in taking the car with them to Hawaii even though it was financed". Such a term was not made a part of the written instrument which, by its own terms, constituted itself the "entire agreement between the parties". Accordingly, plaintiffs not showing said term to be a part of the written instrument which they made a part of the pleadings or qualifying under an exception to the Parol Evidence Rule, defendant's objection to plaintiffs' complaint in the nature of a demurrer asserting no cause of action, must be sustained.

We need not pass upon the other point raised in defendant's preliminary objections that plaintiffs' suit is barred on the doctrine of res judicata, although this would appear to have considerable merit. The principal difficulty in holding the judgment entered against plaintiffs in Delaware County, and as pleaded in paragraph 11 of plaintiffs' complaint, res judicata of the issues between the parties herein is the fact that this judgment was entered in favor of Commer-

cial Credit Corporation, assignee of defendant herein. We have no way of determining whether the assignment of this agreement to C.C.C. from Susselman was subject to any and all defenses of plaintiffs herein, or free therefrom.

*Order*

And now, July 23, 1963, defendant's preliminary objections are sustained, and plaintiffs' complaint is hereby dismissed.