# Hill *v*. Smith, Appellant.

*Contracts—Written contracts—Modifications of parol evidence—Sufficiency.*

Parol evidence in contradiction of a written instrument is only admissible when supported by the testimony of two witnesses, or one witness with corroborating circumstances, which would be equivalent to the testimony of another witness.

A broker who had entered into an agreement with the owner of real estate to sell the same for him, was entitled to his commissions, when he obtained a purchaser ready and willing to buy the property.

An offer to prove, by way of defense, that the agreement to convey was executed with a contemporary understanding that it was dependent on the consent of the wife of the owner to join in the deed, is a parol contradiction of a written instrument and as such must be followed by clear, precise and indubitable evidence of the agreement which induced the contract, and must be supported by the testimony of two witnesses, or one witness and corroborating circumstances.

Argued October 14, 1920. Appeal, No. 124, Oct. T., 1920, by defendant, from judgment of Municipal Court of Philadelphia, Sept. T., 1919, No. 386, for plaintiff in case tried by the court without a jury in suit of Nelson P. W. Hill v. Gilbert D. Smith. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for commissions earned in the sale of real estate. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court rendered judgment for plaintiff in the sum of $205.39. Defendant appealed.

*Error assigned* was the judgment of the court.

*C. Bentley Collins,* for appellant, cited: Campbell v. McClenahan, 6 S. & R. 171; Shugart v. Moore, 78 Pa. 469; Oliver to use v. Oliver, 4 Rawle 141; Powelton Coal Company v. McShain, 72 Pa. 238; Brown v. Morange, 108 Pa. 69.

*Percival H. Granger,* and with him *J. Howard Reber,* for appellee, cited: Turner v. Baker, 225 Pa. 359; Owens v. Wehrle, 14 Pa. Superior Ct. 536; Showaker v. Kelly, 21 Pa. Superior Ct. 390; Reed's Executor v. Reed, 82 Pa. 420; Thompson v. Goldman, 41 Pa. Superior Ct. 209; Clark v. Hubbard, 44 Pa. Superior Ct. 41; Dain v. Loeffler, 256 Pa. 322.

OPINION BY TREXLER, J., March 5, 1921:

Suit was brought by the plaintiff to recover commissions as a real estate broker. He entered into an agreement with the defendant to sell for him certain real estate owned by the defendant and his wife as tenants by entireties. The defendant alone signed the contract as "owner." The agent procured a purchaser for the property at the price named in the written agreement. Defendant refused to conclude the transaction alleging that his wife declined to join in the sale. He claims that at the time the agreement of agency was executed there was a contemporaneous understanding that if Mrs. Smith would not join in the deed the matter would be dropped. Defendant's counsel sought to introduce this matter into the case by asking his client the question, "Will you state to the court the circumstances under which you signed the contract?" This being objected to, counsel stated, "I want to show that at the time he signed this contract, this agreement was entered into between Mr. Smith and Tyrone T. Hill." The objection was then made, that unless this was followed "by clear, precise and indubitable evidence of a parol contemporaneous agreement which induced the contract, supported by the testimony of two witnesses or one witness with corrobo-

rating circumstances, which would be equivalent to the testimony of another witness, such evidence is entirely inadmissible under the well established rules of evidence." The court sustained the objection. This objection was evidently framed in conformity to the rule that such proof must be produced where the contract sought to be proven is at variance with the written contract. See Thompson v. Schoch, 254 Pa. 585, 590. We cannot convict the court of error in excluding this testimony. The least that the plaintiff should have done in answer to the objection, was to have offered to prove a contemporaneous agreement which induced the signing of the contract sued upon. He having failed to make this offer the court was right in excluding the testimony.

Judgment affirmed.