## Secured Investments, Inc., for use of Goldman, v. Badorf.

*Contracts—Reformation—Evidence—Insufficiency.*

1. One who, having made a valid oral contract, subsequently enters into a written contract with the same party covering the same matter, cannot require a court to reform his written contract for him, in the absence of clear, precise and indubitable evidence that the contract as signed was different from his understanding of what it should be.

*Practice—Judgments—Warrant to confess—Rule to open—Ejectment.*

2. Where the defendant in a judgment in ejectment, which has been entered in pursuance of authority contained in a written contract, represents, upon a petition to open the judgment, that his contract was for a smaller total obligation than that which the plaintiff has set up against him, but it appears by the petition that he is in default even under his own statement of his undertaking, the rule to open will be discharged.

Rule to open judgment. C. P. Dauphin Co., March T., 1921, No. 206.

*Harry B. Saussaman,* for rule; *A. Ross Walter,* contra.

WICKERSHAM, J., Aug. 8, 1921.—The defendant entered into an oral contract Jan. 25, 1919, with the Secured Investments, Incorporated, for the erection of a building on lots in Old Orchard, a sub-division of record in Dauphin County, and upon the payment of $25 he received a receipt, in which it was stated, *inter alia:* "It is understood that if this property, including the

ground, cannot be built for a total cost of thirty-five hundred ($3500.00) dollars, or less, this deposit is to be returned to you." It appears to have been agreed between them that the deposit which the defendant was to pay amounted to $45, and on Feb. 8, 1919, he made a further payment of $20, which is endorsed upon the receipt from which we have quoted, and which was received "on account of house to be built in Old Orchard."

Upon the receipt of this deposit, the plaintiff, the Secured Investments, Incorporated, proceeded to build said house, but evidently not being satisfied with the oral agreement with the defendant, they presented to him for his signature a written agreement attached to the defendant's petition for the rule hereafter mentioned, and marked Exhibit "B," wherein it is recited, *inter alia*, that the Secured Investments, Incorporated, were to build for the defendant a house on ground situate on lots Nos. 40 and 41, "Heart of Old Orchard," in the City of Harrisburg and State of Pennsylvania, and the defendant agreed to pay the sum of $45 on signing the agreement, a further sum of $200 on or before May 24, 1919, and a further sum of $30 per month during the erection, construction and completion of said building; and after possession was given the defendant agreed to pay to the plaintiff the sum of $30 per month until the amount which he owed was paid down to the first mortgage, at which time the plaintiff agreed to deliver to the defendant a deed, free and clear of all encumbrances except the aforementioned mortgage. The defendant also agreed to pay to the plaintiff a certain percentage as interest on the cost of the erection and construction of the building aforementioned from the date of the beginning of the building operation, and 7½ per cent. of the total cost of the erection and construction for supervising and construction. The defendant was also to pay all taxes on the unimproved and improved real estate, also water rent, fire insurance and necessary repairs, which the plaintiff was to deduct from the amounts paid by the defendant, and the balance was to be credited upon the cost of the erection and construction of said building.

It was further provided in said agreement that in the event that the defendant should fail within thirty days of the date that any of the aforementioned payments should become due to make said payment, then all amounts paid on the contract by him should be forfeited as liquidated damages for breach of the contract. The agreement also provided that if the defendant should in any particular violate any one of his said covenants or fail to comply with any of the conditions of the agreement, then the plaintiff "might determine this agreement forthwith without notice, and thereupon this agreement would become absolutely determined, and any attorney may immediately thereafter, as attorney for the party of the second part, sign an agreement for entering in any competent court an amicable action and judgment in ejectment without any stay of execution against the party of the second part, and all persons claiming under him, for the recovery by the party of the first part of the possession of the within described premises, for which this shall be a sufficient warrant." The agreement contained other stipulations which it is not important for us to mention.

After having this agreement in his possession for about two days, and it appearing from the depositions taken that the defendant and his wife looked it over, it was signed by the wife at the request of her husband, who was out of town, and it thereby became the agreement between the plaintiff and the defendant for the erection and construction of said building.

The defendant entered into possession of said house July 22, 1919, and made the payments to the plaintiff, the Secured Investments, Incorporated,

with more or less irregularity until Dec. 9, 1920, at which time he had paid to the plaintiff, or to use-plaintiff, Louis C. Goldman, to whom this property had in the meantime been conveyed, $775. At this time the defendant first learned that the cost of the building exceeded $3500, and that the actual cost thereof was $5016, whereupon he refused to make any further payments, and on April 7, 1921, the use-plaintiff, availing himself of that paragraph of the written agreement which we have above quoted, caused a judgment in an amicable action of ejectment to be entered in his favor and against the defendant, which was filed in the Court of Common Pleas of Dauphin County to No. 206, March Term, 1921.

The defendant filed his petition April 11, 1921, alleging substantially the facts as we have stated them, and praying that the judgment so confessed might be opened and he let into a defence thereto, the principal reason therefor, as alleged by him, being that the cost of erecting and constructing said house was far in excess of the amount agreed upon between him and the Secured Investments, Incorporated, in the oral agreement made between them Jan. 25, 1919. He endeavors to read into his written contract the oral contract made in January, 1919, which is supported by the receipt given to him by the plaintiff when he made his first deposit of $25. The contract which he signed May 14, 1919, is what is known as a cost-plus contract; that is to say, in it he agreed to pay the plaintiff the cost of erecting and constructing said dwelling-house, plus the percentage therein named for supervision and interest on said costs. His contention is, however, that we should reform the written contract so as to include therein the provisions of the oral contract he made in January, the effect of which would be to limit the cost of the house to $3500. The defendant could have so contracted when he executed the written contract. He was not required or compelled to sign said contract of May 14, 1919, and when so doing he could have insisted on its being so reformed as to read that the cost of the erection and construction of said house was not to exceed $3500. Having failed to do so, he cannot now require the court to perform by reformation of the contract what he failed to perform himself when the contract was made. He has not convinced us by testimony that is clear, precise and indubitable that he had any understanding of his contract with the plaintiff, at the time of execution thereof on May 14, 1919, other than that expressed therein: Thompson v. Schoch, 254 Pa. 585; Hill v. Smith, 75 Pa. Superior Ct. 340.

Assuming, however, that the contract was as contended by the defendant, that the cost of the erection and construction of his house was not to exceed $3500, has he shown anything in his petition or in the depositions taken in support thereof which entitles him to relief? Under his written agreement, he was required to pay to the plaintiff $45 cash, $200 on May 24, 1919, and monthly payments of $30 during the erection, construction and completion of said building, and the sum of $30 per month thereafter until the amount owing by him had been paid down to the first mortgage. It was conceded that the first mortgage was $2500. It appears, therefore, that before the defendant could complain of any violation of even his oral agreement that the cost of his house should not exceed $3500, it became necessary for him to pay $1000, and said payments were to be made at the rate of $30 a month. From March, 1919, the date when said construction began, to Dec. 9, 1920, the date of the last payment, is twenty-one months. If the defendant had paid $30 a month as he agreed to do, his payments would have amounted to $630. He was also required to pay $245 in addition to the monthly payments, making a total of $875. It appears, however, from his receipt book that he

1 D. & C.

only paid $775, and, therefore, in December, 1920, he was in arrears $100, or more than three months. Even if the payments should have commenced in May instead of March, 1919, the defendant still would have been in arrears in December in the sum of $40, or more than one month's payment. The plaintiff took no action, however, against him until April, 1921, or two years after the payments should have begun. During that time he should have paid under his contract $965, but he only paid $775. At the time, therefore, when the plaintiff commenced his action to eject the defendant from the premises under the terms of their written contract, he, the defendant, was in arrears $190, or six and one-third months. What right, therefore, has the defendant now to complain if the plaintiff proceeds to enforce the agreement between them and eject him from the premises? Had the defendant complied with the terms of the contract as he contends they were understood to be, then he might be entitled to relief; but having failed to comply with the terms of the contract as he contends they were, he cannot now complain that judgment in the amicable action of ejectment was entered against him.

The rule to show cause why the judgment entered in this case should not be opened and the defendant let into a defence is, therefore, discharged.

From William Jenkins Wilcox, Harrisburg, Pa.