## Friedman v. Hamilton.

*Evidence—Distinction between parol to vary writing and to set writing aside and destroy it.*

1. While parol evidence is inadmissible to contradict or vary a written instrument in the absence of fraud, accident or mistake, and any reformation of the instrument based upon these grounds must be supported by two witnesses or their equivalent, the principle does not apply where there has been a fraudulent inducement to the execution of the written instrument or some condition agreed upon between the parties without which it would not have been executed and in the face of which it should not be enforced.

2. Plaintiff was authorized in writing by defendant to obtain a loan on mortgage on her property. In an action for commissions, the trial judge admitted in evidence, under objection, that the authorization had been given at the request of the plaintiff upon his representation that it was only to be used for the purpose of raising money to enable a prospective purchaser of the property to raise the necessary purchase money to consummate the deal, and that the plaintiff would not act upon the authorization until he had received word from the defendant that the prospective sale had been consummated; that the parties had previously dealt in a similar manner upon other occasions; and that the day after giving the authorization plaintiff telephoned defendant that she had failed to make the proposed sale. Defendant's testimony was not corroborated; the jury rendered a verdict for defendant. On motion for judgment *n. o. v.*: *Held*, that the contemporaneous agreement had been the inducement upon which the written authorization had been executed by defendant; that, after such agreement had been entered into, it became a condition precedent to the written authorization's becoming effective; and that the evidence had been properly admitted and binding instruction properly refused.

Rule for new trial and motion for judgment *n. o. v.* C. P. No. 5, Phila. Co., June T., 1922, No. 1149.

*Wolf, Patterson, Block & Schorr*, for plaintiff; *D. J. Shern*, for defendant.

MARTIN, P. J., Jan. 30, 1925.—The plaintiff in this action sued to recover for services rendered in arranging for a loan upon a mortgage to be given by the defendant, upon a written authorization from the defendant to the plaintiff. The defence was that the said authorization was given at the request of the plaintiff, induced by the plaintiff's representation and mutual understanding that it was only to be used for the purpose of raising money to enable a prospective purchaser of the defendant's property to raise the necessary purchase money to consummate the deal; and that the plaintiff was not to act upon the said authorization until he received word from the defendant that the said prospective sale had been consummated. It also appeared from the testimony, and it was not denied, that the parties had previously dealt in a similar way upon other occasions. There was further testimony upon the part of the defendant that upon the day following said written authorization to raise money she notified the plaintiff by telephone that she had failed in making the proposed sale of the property. The evidence for the plaintiff was to the effect that the arrangement for raising the money was consummated four days after the date of the authorization.

The jury returned a verdict in favor of the defendant. The plaintiff has moved for judgment *non obstante veredicto* and has taken a rule for a new trial.

The reasons urged in support of the motion and rule are that the alleged contemporaneous agreement relied upon as a defence was a contradiction of the said written authorization and should not have been admitted, in the absence of an attempt to reform the said authorization upon the ground of fraud, accident or mistake; and that the only evidence in support of the contemporaneous agreement being that of the defendant, it should not have been admitted in evidence, for the reason that it required the support of two witnesses or one witness and the equivalent of a second. A point had been submitted for charge, covering the position taken by the plaintiff with respect to this contemporaneous agreement.

While it is true and well established that parol evidence is inadmissible to contradict or vary the terms of a written instrument, in the absence of fraud, accident or mistake, and that any reformation of the instrument upon this ground must be supported by two witnesses or their equivalent, yet our appellate courts have clearly distinguished between cases contradicting the written instrument or involving its reformation and those cases in which there has been some fraudulent inducement to the execution of the written instrument or some condition agreed upon between the parties without which it would not have been executed and in the face of which it should not be enforced: Gandy v. Weckerly, 220 Pa. 285, 291, and cases there cited.

In Haney v. Moorehead, 61 Pa. Superior Ct. 187, 193, it was held that where "the proposal is not to alter or contradict, but to set aside and destroy because of the failure of the condition under which it was to have life and efficiency, . . . the testimony of a single witness covering the point in controversy requires a submission of the question of fact so raised to the jury." In this case the testimony of a single witness, to the effect that a release of mechanics' liens was not to be effective unless all the materialmen signed, was a good defence to the release signed by the witness.

The decisions relied upon by the plaintiff, especially Thompson, Receiver, v. Schoch, 254 Pa. 585, and Hill v. Smith, 75 Pa. Superior Ct. 340, were cases involving variation or contradiction of the written instrument and reformation. In the latter case it is clearly pointed out that the defendant signed the written contract for the sale of real estate as "owner," and then attempted to prove that his wife was a co-owner and that her joining in the deed was to be a condition of the agreement in suit.

It is clear that the case before us differs from those upon which the plaintiff relies, in that the contemporaneous agreement here offered in evidence was the inducement upon which the written authorization was executed by the defendant, and that, after such agreement was entered into, it was a condition precedent to the written authorization being effective.

Assuming the testimony of the defendant to be true, the enforcement of the written agreement against her would be a gross fraud. In this connection, it should not be overlooked that the defendant testified that she had dealt with the plaintiff in a similar manner on previous occasions, and that, in the absence of a sale of the property in question, she had no occasion to borrow money, and we think there was no contradiction of her testimony in this regard.

It may be noted, in passing, that the written paper upon which the plaintiff bases his claim is a mere authorization to arrange for a loan. There is no evidence of its written acceptance, and it seems plain that it established no

more than a plain agency which was revocable at the will of the defendant, and, in the event of such revocation, all that the plaintiff could recover would be the services rendered and expenses incurred up to that time. The defendant herself testified that upon the day following the authorization she had notified the plaintiff by telephone that the proposed deal had fallen through, and this would be evidence of a revocation, in which event, if believed by the jury, the plaintiff would not have been entitled to recover anything, for the reason that the arrangement for the proposed loan was only made four days after the written authorization was given.

A careful consideration of the evidence in the case and the law with respect thereto fails to convince us that there was any error in the conduct of this trial, or that justice demands that a new trial be granted.

And now, to wit, Jan. 30, 1925, the motion for judgment *non obstante veredicto* is overruled. An exception to this action of the court is hereby noted for the plaintiff. The rule for a new trial is discharged.