## Elevated and Subway Building and Loan Association v. Counties Real Estate and Mortgage Company.

*Edgar W. Lank*, for plaintiff; *Sundheim, Folz & Sundheim*, for defendants.

SMITH, P. J., May 4, 1931.—The defendant has filed an affidavit of defense raising questions of law and the plaintiff, in reply thereto, has filed a rule for judgment for want of a sufficient affidavit of defense.

The action is in assumpsit. The statement of claim avers that the defendant made and delivered to plaintiff a promissory note as follows:

"$8000.                              Philadelphia, Pa., August 18, 1928
                                     On demand after date we
Promise to pay to the order of Elevated and Subway Building & Loan Association, Eight Thousand ........... Dollars without defalcation for value received ——— and have deposited herewith Ten Bonds, No. 1B to 10B inc., Class B. Bonds secured by first Mortgage on N. E. Cor. 15th & Spruce Sts., for $1000 each, also Fifty shares of Stock in the 37th Series of the Elevated and Subway B. & L. Assn. as collateral security for the prompt payment at maturity, of this and any other liability or liabilities of the undersigned, due or to become due, or that may be hereafter contracted with the holder of this note; which collaterals, either the whole or any part thereof we hereby authorize and empower the holder of this Note should the same or any other liability of the undersigned as above described, be not paid at maturity, to sell at public or private sale at any time or times thereafter, without further notice and with the right of becoming the purchaser at such sale or sales, of the whole or any part of said collaterals, freed and discharged of any equity of redemption, and to transfer, assign and deliver the same; and after deducting all legal and other costs, attorney fees and expenses of collection, sale and delivery, to apply the residue of the proceeds of such sale or sales, to pay any, either all of said liabilities as said holder shall deem proper, returning the overplus if any, to us and should any deficiency occur we further promise and agree to pay the holder on demand.

COUNTIES REAL ESTATE AND MORTGAGE CO.

Payable at ..........                Aaron Burman
Due ...............                      Pres.
                 ATTEST:    Samuel K. Joseph
                            Secty & Treas."

The statement further avers that the note was presented to the defendant for payment, which was refused.

The affidavit of defense states that the note is a stock loan note in the plaintiff building and loan association, with shares of stock in the association assigned as security for the loan; that the statement of claim does not aver any default by the defendant, either in the payments of dues on said shares of stock or interest on the loan; and that the statement contains no averment that plaintiff was in possession of the note upon which suit is brought.

The note on its face is payable on demand. It is also apparent that the note is a building and loan obligation in which shares of the defendant association have been assigned as collateral security for the loan. There is no averment of default in payment of dues or interest on the loan. There is a material difference between an ordinary loan on a promissory note and a loan from a building and loan association, in the method of repayment. In the former, it is payable according to the terms of the note; in the latter, the note, notwithstanding its due date, is payable when the stock assigned as collateral matures, unless before that time the borrower has defaulted in the payment of his dues, interest or premium. The note here is for $8000. The maturity value of the fifty shares of stock should exceed that amount. The Act of April 29, 1874, P. L. 73, section 37, shows that the legislature contemplated that such loans should be due, payable and repaid by the maturity of the shares assigned as collateral for repayment of the loan:

"Building and Loan Associations . . . shall have the power and franchise of loaning or advancing to the stockholders thereof the moneys accumulated from time to time. . . . The said officers shall hold stated meetings, at which the money in the treasury, if over the amount fixed by charter as the full value of a share, shall be offered for loan in open meeting, and the stockholder who shall bid the highest premium for the preference or priority of loan, shall be entitled to receive a loan of not more than the amount fixed by charter as the full value of a share for each share of stock held by such stockholder. . . . In case of nonpayment of installments or interest by borrowing stockholders, for the space of six months, payment of principal and interest, without deducting the premium paid or interest thereon, may be enforced by proceeding on their securities according to law."

No matter what may be the due date in the note, the time of the maturity of the stock is the deciding factor as to payment.

By analogy, the note may be compared to a bond signed by one to whom money has been advanced by a building and loan association.

In The Springville S. F. L. Ass'n v. Raber's Admin'r et al., 11 Phila. 546, 547, the court said:

"As is said by Chief-Justice Lowrie in Kripfert v. The Building Association, 'the bond and mortgage given as security, though made payable in *one year*, are really intended to stand until the period for dissolving the association, and are then to be regarded as paid by the mere payment of interest and installments on stock.' This is the understanding in all cases, and may be enforced as readily without expression as with. The association would not be allowed to foreclose so long as the interest and instalments are punctually paid."

Also, in Excelsior Saving Fund and Loan Ass'n v. Fox, 253 Pa. 257, 261, the court said:

"If the testimony upon the part of the defendants is to be credited, it would appear that they were quite willing to make payment of the principal of the mortgage in question, but such payment was declined, unless the $4000 mortgage was also paid, which was admittedly an ordinary building and loan

association mortgage, being discharged in the ordinary course by the payment of the regular dues and interest."

The affidavit of defense raising questions of law is sustained.

The plaintiff's rule for judgment for want of a sufficient affidavit of defense is discharged.